## CLARK & WILLOUGHBY vs. CLARK and others.

Where upon an appeal to the court for the correction of errors, from a decree of the court of chancery directing the payment of money, the appeal bond, through inadvertence, was defective in the condition thereof, so as not to operate as a stay of proceedings upon the decree, and in consequence thereof an execution was taken out and levied upon the property of the appellants before they had time to get the appeal bond amended in pursuance of a permission of the court to that effect; the court of chancery ordered the proceedings upon the execution to be stayed, upon filing the amended bond with sufficient security; and that the excution be superseded upon payment of the sheriff's fees thereon.

Where the amount of the penalty of an appeal bond is very large, the officer who approves the same is authorized to receive more than two persons as sureties; and it is not necessary that each of the sureties should justify in double the penalty of the bond, provided the amounts in which they can each severally justify are equal, in the aggregate, to two sureties who are worth double the penalty of the bond.

But the approving officer is not authorized to split up the justification of the sureties in an ordinary appeal bond of $250, or in a bond the penalty of which is less than $1000.

*i*

1839.

Clark
v.
Clark.

July 2.

This was an application on the part of the appellants to stay the proceedings on the execution in this cause until the decision of the court for the correction of errors, upon their appeal from the decree of this court affirming the decree and sentence of the surrogate. The amount decreed to be paid by the appellants, including costs, was about $18,756, and the appeal bond was in the penalty of $38,500, with three sureties, one of whom justified in the sum of $84,000, and the other two in $40,000 each. By inadvertence, the bond was defective in the condition thereof, which defect the appellants obtained leave to amend, without prejudice to the right of the respondents to proceed upon their decree until such appeal should be perfected by the amendment of the bond. The bond was afterwards amended, but in the meantime an execution had been taken out and levied upon the property of the appellants; and they asked to set aside the execution as well as to stay the proceedings of the respondents.

*W. Kent*, for the appellants.

*J. Rhoades*, for the respondents.

The Chancellor. I think the injuction master was right in approving of the appeal bond, although but one of the sureties justified in double the amount of the penalty of the appeal bond. The statute requires a bond in double the amount of the debt and costs decreed, in addition to the $250 as security for the costs on the appeal, in order to make the appeal a stay of proceedings; and the appellants must give two or more sureties who can justify in double the penalty of the bond. But where the penalty of the bond is very large, as in this case, I think it is a proper exercise of discretion, in the approving officer, to receive more than two persons as sureties; provided the amounts in which they can severally justify are equal in the aggregate to two sureties who are each worth double the penalty. This appears to be the practice in England in relation to special bail, where the sum is large, (*Forrest's Rep.* 138 ; *Wightwick*,

110 ; 1 *Chitty's Rep.* 601 ;) though to guard against abuses, the recent rules of the English courts require a previous order of the court, or of a judge at chambers, to authorize more than two special bail. (*See* 2 *Cromp. & Jerv. Rep.* 173.) It certainly would be improper to split up the justification of sureties in the ordinary bond of $250, for the costs of an appeal. But where the penalty of the bond is $1000 or more, the officer who approves the bond ought not to deprive the appellant of his right to a stay of proceedings pending the appeal, by requiring each surety to justify in double the amount ; where three or more sureties can be obtained, who will be able to justify in sums which, in the aggregate, will be equal to two sureties in double the penalty of the bond.

The bond in this case, as now amended, and the justification of the sureties, is therefore sufficient and regular ; and if it had been perfected before the issuing and levy of the execution, it would have operated as a stay of proceedings ; and would have superseded the execution, as a matter of course, without any application to this court for the purpose. In analogy to the proceedings upon a writ of error, where security is given after the levy of an execution and before it is fully executed, (2 *R. S.* 596, § 29, 30,) I am also inclined to think the appellants are, as a matter of right, entitled to an order, to stay the further execution of the process, which had been previously issued, to enforce the performance of the decree of this court in the present case. At least it is a case in which the court, in the exercise of its discretion, may direct the proceedings upon the execution to be stayed, until the decision of the court for the correction of errors upon the appeal. The execution, however, ought not to be set aside, so as to discharge the lien thereof upon the goods of the appellants which have been levied on by the sheriff, except upon the terms of paying the fees of the sheriff upon the execution.

An order must, therefore, be entered to stay all further proceedings on the execution until the further order of this court ; and as the respondents have now ample security for their debt and costs if the decree appealed from shall be af-

firmed, the order may further direct that the execution be actually superseded, and that the sheriff restore to the appellants the property levied on, upon payment of his fees upon the execution. But as the application to set aside the execution, unconditionally, was improper and cannot be granted, that part of the motion must be denied, with $12 costs.