By the Court. Bosworth, J.
The plaintiff insists that the papers attached together and filed, as constituting the judgment roll, were insufficient to make a legal and valid judgment roll, for the reason that it did not contain a copy of the minutes of the trial, or the verdict rendered in the action.
The-judgment itself recited that a verdict had been rendered ' in favor of both defendants. Prior to the making of this motion, a copy of the minutes of the trial had been inserted in the roll,informal in some of its parts, but showing a verdict in favor of the defendants, and that the court, on its being rendered, ordered judgment accordingly.
In Renouil v. Harris, 2 Sand. S. C. R. 641, this court at General Term, decided that a roll, which omitted the answer, was not a nullity, and that it was sufficient to support and give validity to the execution. That it is the' duty of the clerk to enter the judgment and make up the judgment roll, and that if it should be made up defectively, the court, if necessary, would order the defects remedied as of the date of filing the roll. See Clute v. Clute, 4 Denio, 243.
The Revised Statutes, relative to amending pleadings and proceedings, cured such a defect. 2 R. S. 425, sub. 13,14. It is an error, or defect, not affecting the. substantial rights of the plaintiff, and the Code requires the court po disregard such errors, and declares that no judgment shall be reversed' or affected by reason of such error or defect. § 176.
This section is also a conclusive answer to the objection, that the judgment should have awarded to Dickerson separately the costs taxed in his favor, and to Brewster the costs taxed in his favor, instead of awarding to the two jointly the aggregate amount of the costs taxed in favor of each.
This affected no substantial right of the plaintiff. He was adjudged to pay a certain amount of costs, and it did not prejudice any right of his, that has been shown, or suggested, to adjudge that he should pay the whole costs to the two jointly, *687 instead of adjudging that he should pay a parcel of the whole amount to one, and the residue to the other. In addition to this consideration, an order was made on notice to the plaintiff, which directed “ that there be allowed to the defendants in this cause, in addition to the specified costs adjusted in this case, the sum of §125, being the fall amount of per centage allowed by statute on the sum claimed to be recovered by the plaintiff.” ISTo appeal was taken from that order, and the judgment for the amount so allowed must necessarily have been in favor of both defendants jointly. The order seems to contemplate a judgment in favor of the two jointly for their other costs, as the sum of these and of the amount allowed are to be inserted by the clerk in the entry of judgment as an aggregate sum. Code, § 311.
As a general rule, a party who seeks to set aside a proceeding for irregularity, must make his motion, at the first opportunity after the irregularity has taken place, and the attorney must show due diligence in informing-himself of it, Graham’s Pr. 702. In this case judgment was entered on the 2d of March, 1852. The costs were adjusted previously on notice to plaintiff’s attorney. This motion was noticed to be made on the 9th of March, 1853, over a year after the judgment was entered.
The Revised Statutes are peremptory, that no judgment, in any court of record, shall be set aside for irregularity on motion, unless such motion be made within one year after the time such judgment was rendered. 2 R. S. 359.
The day for which this motion was noticed to be made, was more than a year subsequent to that on which the judgment was rendered, and the judgment roll filled. If it be true, as contended, that, in such a case, there must necessarily be several judgments for the costs, then the rendition of a joint judgment, is an error appearing upon the record, and the plaintiff will have the benefit of it, on an appeal from the judgment of this court.
An execution may be issued in the name of an attorney other than the one by whom the judgment was recovered. Graham’s Pr. 356; Code, § 289.
There are many papers embraced in the judgment roll, which should have been omitted. It should not be made to include *688 any papers, or orders except those enumerated in § 281 of the Code. The costs, affidavit of service of the bill, a stipulation, and some orders in no, way involving the merits, or affecting the judgment, should not be contained in it. Besides the fact that by § 281 of the Code they form no part of the roll, if an appeal be taken, the expense of printing unnecessary matter must be incurred, if they are not stricken out, and the papers to be furnished to the appellate court, will be encumbered with extraneous matter.
All papers incorporated into the judgment roll, not required by § 281, to form a part of it, may be detached by the clerk, and any amendments may be made which are necessary to make it conform with precise accuracy to the proceedings that have been had. These may be specified in the order to be entered, and any‘questions respecting them will be disposed of on the settlement of such order.
Heither the judgment roll nor the execution issued thereon is a nullity, nor was there any such irregularity, as in the exercise of a sound discretion, would justify the court in setting either aside.
The order of March 24,1853, appealed from by the plaintiffs, must therefore be affirmed with costs. The only important question arises on the appeal taken by the sheriff from the order of January 29,1853. That question makes it necessary for the court to determine what effect, the taking and perfecting of an appeal, in an action under the Code, and the giving of sdch security as operates as a stay of proceedings, have, upon an execution issued and levied on personal property prior to giving notice of the appeal.
If it merely stays farther proceedings on the execution pending the appeal, the order appealed from is right. If it of itself supersedes the execution, and releases the property from the levy made upon it by virtue of the execution, the order is erroneous.
The plaintiff insists that the former, and the sheriff that the latter is the effect of a perfected appeal and the giving of security for the payment of the debt and costs.
Prior to the Revised Statutes, filing a writ of error and putting in bail within four days superseded an execution issued and levied within the four days. But if the writ was brought *689 and bail put in after the four days had expired, it did not supersede the execution, and courts of law disclaimed the power to make an order superseding it. Blanchard v. Myers, 9 J. R. 66; Kinnie, qui tam, v. Whitford, 17 J. R. 35; Beekman v. Bemus, 7 Cowen, 418; Jackson ex dem. v. Schauber, 7 Cowen, 417; Blunt v. Greenwood, 1 Cowen, 15; Payfor v. Bissell, 3 Hill, 239.
In Jackson v. Schauber,- the proceedings of the plaintiff had been stayed to enable the defendant to bring error, and to prevent the judgment being executed in the mean time. After the lapse of more than four days, and after the execution had been levied, a writ of error was brought and bail put in, and although the court held'that the time might be extended by order beyond the four days, with such effect as would enable the court to give relief, yet it merely stayed all proceedings on the execution, until the further order of the court.
The 2 R. S. 596, §§ 29 and 30, provides that the officer allowing the writ, on proper security being given, may indorse on the writ an order “ staying proceedings on the execution,” if one shall have been issued, and “ that the service of such order shall stay the further execution thereof, at whatever time such order shall have been made or served.”
Ro discrimination is here made between writs of error brought and bail perfected, prior or subsequent to the end of four days from the time of perfecting judgment. The writ, bond and order, and service of the order, may have been designed to be as effective, when interposed after, as before the expiration of the four days. The question is, do they operate as an absolute prohibition against further proceedings on the execution, or merely suspend proceedings upon it, until the writ of error is determined ?
The language is peremptory, that “the further execution thereof,” shall be stayed absolutely and unconditionally, from the time the order is served, no matter when it is served. It shall be executed no further, is the declaration of the statute. Such a construction, would give to the proceedings the same effect in all cases, as was given by prior law to a writ and bail within the four days. A contrary construction would put it out of the power of a party to obtain the relinquishment of a levy in any case, if made prior to the filing of the writ, though *690 filed and bail put in within the four days. Delafield v. Sandford, 3 Hill, 473; Clark v. Clark, 7 Paige, 607.
When the statute declares, “that the service of such order shall stay the further execution thereof” (that is, of thej^./h.) “ at whatever time such order shall have been made or served,” it may well be understood to mean, that the order and service shall be as effectual a supersedeas of the execution after the four days, as filing a writ and perfecting bail within the four days was by the pre-existing law.
The statute was enacted with a knowledge of that distinction. And when it declares that the service of the order shall be as effectual when made after as within the four days, the fair meaning of it would seem to be, that though made after the expiration of four days, it shall supersede the execution and any levy that may have been made under it.
This, however, is not a case affected by the law in relation to a writ of error under the Revised Statutes, but presents the question, as to the.effect of a perfected appeal under the Code. The provisions of the Code, in relation to appeals, are copied from those of the Revised Statutes in relation to appeals from orders and decrees of the Court of Chancery.
The Code (§ 339) like the Revised Statutes (2 R. S. 607, § 86) declares that a perfected appeal, shall “stay all further proceedings in the court below, upon the judgment appealed from, or the matter embraced therein,” except that when the judgment “ directs the sale of perishable property, the court below may order the property to be sold, and the proceeds thereof to be deposited or invested, to abide the judgment of the appellate court.” Code, §342; 2 R. S. 607, §‘89, sub. 1.
In Clark v. Clark, 7 Paige, 607, the Chancellor was of the opinion, that the perfecting of an appeal and the giving of perfect security to pay the judgment appealed from and costs, did not operate to discharge the lien of an execution previously levied, and imposed as terms of an order actually superseding the execution, and directing a restoration of the property levied upon, the payment of the .sheriff’s fees upon the execution, and $12 costs of opposing so much of the motion as asked to have .the execution set aside unconditionally, on the ground that so much' of the motion was improper and could not be granted.
*691 That decision was made with reference to statutory provisions almost identical in terms with those of the Code. If that decision was correct, the order appealed from by the sheriff is not erroneous. According to that decision, the plaintiff was not entitled, as a matter of right, on perfecting his appeal, to have the execution set aside, and his property released from the levy made upon it.
The Chancellor found his authority for setting aside the execution, even upon terms, in the discretion exercisable by that court.
In Burr v. Burr, 10 Paige, 169, the Chancellor affirmed the construction given by him in Clark v. Clark, that an appeal perfected after execution levied does not of itself stay the sheriff from proceeding upon the execution, and terms were imposed as a condition to the making of an order staying proceedings.
Prior to the Revised Statutes, the Court of Chancery, on causé being shown, allowed a respondent, to proceed in the court below, to enforce by execution the decree appealed from, when it was one for the payment of money, unless satisfactory security was then given, to pay the amount of the principal, interests and costs, on the affirmance of the decree. Riggs et al. v. Murray, 3 J. Ch. R. 160; Messionier v. Raumano, id. 66.
The language of the Code, as to the effect of an appeal upon proceedings in the court below corresponding with that relating to appeals from decrees in chancery, and the Court of Chancery having held in Clark v. Clark in 1839, and in Burr v. Burr in 1813, that an appeal with security for the decree and costs did not of itself supersede an execution previously levied, this court cannot adopt a contrary construction, without destroying all confidence in the uniformity of the principles and practice of the courts, regulated ,by statutes identical in their terms, and relating to the same subject matter.
The re-enactment of certain provisions of the Revised Statutes relative to appeals, with a knowledge of the construction given to the latter some ten years previously, without any modification of the clause relating to the effect of an appeal, would seem to be an approval of such construction.
Clark v. Clark and Burr v. Burr, are express authorities in support of the order appealed from by the sheriff, and the order must be affirmed, with $10 costs.