## BURRALL a. VANDERBILT.

*New York Superior Court; General Term, January,* 1858.

SURETIES ON APPEAL.—ACTION ON UNDERTAKING.—DEFENCES.

It is no defence to an action upon an undertaking, given upon an appeal by several defendants to the general term, that all of the defendants but one abandoned the appeal. It is sufficient to render the sureties liable, if the appeal were prosecuted by one of the parties appellant, and the judgment affirmed.

Whether, upon application by an appellant to have the judgment noted as secured upon appeal, the sureties should have notice,— *Query ?*

The omission to give such notice does not discharge their liability, even though in consequence the appellant was enabled to convey away real estate, to which, under the lien of the judgment, they had looked for their indemnity.

An action upon an undertaking, given on appeal to the general term from a judgment of the special term, commenced before an appeal is taken to the Court of Appeals, is not "a proceeding in the court below upon the judgment appealed from, or upon the matter embraced therein," within the meaning of section 239 of the Code, which provides that a perfected appeal to the Court of Appeals shall stay all such proceedings.

This was an appeal from a judgment entered upon the decision of a judge, the parties having waived a jury.

On April 4, 1855, the plaintiff recovered a judgment in this court at special term, against Garret Van Cleve, Joseph Carpenter, George R. Jaques, and William H. De Groot, for $1,153.90.

On the 17th day of said April, the judgment debtors appealed from that judgment to the general term of this court; and the defendants in this action, for the purpose of making said appeal effectual, in pursuance of the statute, executed an undertaking, as prescribed by sections 334 and 335 of the Code, whereby

they undertook that the said *appellants* would pay all costs and damages which might be awarded against *them* on said appeal, not exceeding $250 ; and also that if the said judgment so appealed from, or any part thereof, be affirmed, the said *appellants* would pay the amount directed to be paid by said judgment, or the *part of such amount* as to which the said judgment should be affirmed, if affirmed only in part, and all damages which should be awarded against said *appellants* on the said appeal.

Subsequently to the filing of the undertaking all the defendants *abandoned* the appeal, and neglected further to prosecute the same, except the appellant William H. DeGroot, who did prosecute it until February 23, 1856, when the general term affirmed the judgment appealed from, and awarded eighty-three dollars costs of the appeal against DeGroot.

After this judgment of the general term, although no execution was issued, a suit was brought, April 26, 1856, against the defendants in this action, upon their undertaking.

The defendants resist the plaintiff's right to recover upon three grounds :—

*First*—That their undertaking was as sureties for the defendants in the judgment of April 4, 1855, *jointly*, and not severally, and that there had not been any judgment of the general term of the Superior Court against the defendants *jointly*, of affirmance of the judgment appealed from.

*Second*—That when they executed their undertaking, the defendant DeGroot owned real estate in the city of New York, upon which the judgment was a lien, and which real estate was worth more than would pay the judgment; and that upon the faith thereof they became such sureties; and upon the reliance that, if they had to pay the judgment, they could be subrogated to the plaintiff's right to collect it out of the real estate upon which it was a lien; and that after they became such sureties, the plaintiff permitted DeGroot to have entered on the docket of the judgment the words " secured on appeal," *without any notice to them, and without their knowledge, assent, or concurrence*, whereby DeGroot was enabled to, and he did, convey away all his real estate, free from the incumbrance and lien of the judgment, whereby they lost their right of indemnity against the same.

*Third*—That DeGroot had subsequently appealed from the general term judgment to the Court of Appeals, and had perfected his appeal, whereby, it was urged, there was no such judgment remaining of record in the Superior Court; and that all rights growing out of such judgment were suspended until the determination of said appeal.

At special term the plaintiffs had judgment; from which the defendants appealed.

*T. Sanxay*, for appellants.

*J. E. Burrill*, for respondents.

By THE COURT.*—PIERREPONT, J.—It is claimed by the defendants' counsel, that because some of the defendants abandoned the appeal, the condition of the undertaking was not broken.

Section 282 of the Code provides that "whenever an appeal shall have been perfected, the court in which the judgment has been recovered" may, on special motion, after notice to the person owning the judgment, "in such terms as they shall see fit, direct an entry to be made by the clerk on the docket of such judgment, that the same is secured on appeal, and thereafter it shall cease, during the pendency of the appeal, to be a lien on the real property of the judgment debtor, as against purchasers and mortgagees in good faith."

If the condition of the undertaking is not broken, for the reason that a part of the defendants abandoned the appeal before the judgment was affirmed, then all, save one surety, might abandon the appeal after the real estate of the debtor had been released by virtue of the undertaking; and thus the Legislature would have contrived an ingenious method by which a judgment debtor might clear his real estate of the lien of the judgment, sell the estate, and his sureties be released from all liability. We think this objection is not well taken.

The second objection made by the defendant is, that the plaintiff *permitted* the judgment debtor to have entered on the docket the words "secured by appeal," without any notice to the sureties.

---

* Present, Bosworth, Pierrepont, Hoffman, Woodruff, and Slosson, JJ.

The entry was made in obedience to an order of the judge, which was granted upon application of the attorney of the said DeGroot, who had obtained the consent of the plaintiff's attorneys that such order be made; neither the plaintiff nor the sureties having had any personal knowledge of the consent to the order. Though it would be highly proper to give notice to the sureties, and the judge might perhaps refuse to grant such order without notice to them, yet the statute does not require it. It only requires notice to the person "*owning the judgment.*"

When sureties join in an undertaking, they are presumed to know the legal effects of their act, and that one of those effects will probably be to release the real estate of the debtor from the lien of the judgment. In most instances that is one of the very objects for which the undertaking is executed. The plaintiff has done nothing of which the defendant can reasonably complain.

The defendant's next objection is, that the judgment debtor has appealed to the Court of Appeals from the judgment of this court, and perfected his appeal.

It appears from the case that this action was commenced on April 26, 1856, and that the appeal was taken on the 9th of June following, and that the notice of appeal was served simultaneously with the answer.

At the commencement of this suit the plaintiff's cause of action was complete. If the appeal constitutes a defence, it has arisen subsequent to the commencement of the action.

The Code (§ 339), like the Revised Satutes (2 *Rev. Stats.*, 607), declares that a perfected appeal shall " stay all further proceedings in the court below, upon the judgment appealed from, or the matter contained therein" (except in certain special cases). The provisions of the Code in relation to appeals are the same as those of the Revised Statutes relating to appeals from orders and decrees of the Court of Chancery.

In Burr *v.* Burr (10 *Paige*, 169), the chancellor held that an appeal perfected after execution levied, did not stay the sheriff from proceeding on the execution, and terms were imposed as a condition to the order staying proceedings ; affirming the same construction previously given by him in the case of Clark *v.* Clark (7 *Paige*, 607).

In Cook *v.* Dickerson (1 *Duer*, 679), this court held that a

perfected appeal *under the Code*, did not *of itself* stay an execution previously levied.

But the case before us is not a proceeding in the court below upon the judgment, nor upon a matter contained therein. The suit upon the undertaking might have been brought in any court of competent jurisdiction as well as in the court where the judgment had been affirmed. The case of Thompson *v.* Blanchard (2 *Comst.*, 562) differs widely from the one now under consideration, both in its facts and in the principles involved therein.

The only question which this appeal brings before us is one of law ; and we find no error in the decision of the judge. We must therefore affirm the judgment, leaving the defendant to move for a stay of proceedings, or to make such other application as he may be advised.

Judgment affirmed, with costs.