## BOWMAN vs. CORNELL, sheriff &c.

39b 69
33ap559

Where a sheriff neglects to collect and return an execution within the time prescribed by law, he is liable to the plaintiff in the judgment for the damages sustained by his neglect; unless he can show that the defendant in the execution had no property out of which he could have collected the debt.

The action against the sheriff, in such a case, is founded upon his neglect to return the execution, and the amount of the execution is the measure of damages.

When a right of action has accrued against a sheriff, for neglecting to return an execution, such right cannot be divested by an appeal being taken from the judgment, by the defendant therein, even though the appeal be brought prior to the commencement of the action.

APPEAL from a judgment entered upon the report of a referee. On the 17th of July, 1860, the plaintiff recovered, in the Rensselaer county court, a judgment upon appeal against the Troy and Boston Rail Road Company, for $111.88. On the 6th of August, 1860, an execution was duly issued and delivered to the defendant, then sheriff of Rensselaer county, for collection. The Troy and Boston Rail Road Company, at the time the execution was delivered to the defendant, and for more than sixty days thereafter, were visibly solvent, and the execution perfectly collectible within Rensselaer county. The sheriff never levied, collected or returned the execution. On the 12th of October, 1860, sixty-seven days after the delivery of the execution to the sheriff, the plaintiff demanded the money of the sheriff, upon the execution, and upon his refusal to pay, on the same day commenced this action. After the summons herein had been issued and sent for service, but before it was actually served, the Troy and Boston Rail Road Company, on the said 12th of October, 1860, served notice of appeal from the judgment of the county court to the general term of this court; but down to the said 12th of October no appeal had been brought, and the sheriff's proceedings, on his writ, had in nowise been hindered or stayed. The action, by consent, was referred to George Van Santvoord. The referee reported in favor of the plaintiff; and on the report a judgment was entered, on the

9th day of September, 1861, for $210.85.   Exceptions were filed to the referee's report, and from the judgment entered thereon, the defendant appealed to the general term of this court.

*C. H. Denio,* for the defendant and appellant.

*W. A. Beach,* for the plaintiff and respondent.

*By the Court,* MILLER, J.   When a sheriff neglects his duty and fails to execute process in his hands within the time required by law, when unrestrained by the order of the court or by law, he is allowed but one defense, and that a good excuse for not doing it, to wit, that the defendant had no property out of which he could have made the money had he endeavored ever so faithfully to do so.   The law assumes that the debt is lost to the plaintiff if the officer having an execution against the debtor who has abundant means to pay, does not collect it.   (*Ledyard* v. *Jones,* 3 *Seld.* 550.)

In this case a period of sixty-seven days has elapsed since the execution was issued to the sheriff, and no action has been taken by the defendant to stay the collection of the execution.   Primarily the defendant was liable for not collecting and returning the execution, and a right of action had accrued against the sheriff to recover the damages sustained by reason of it.   The action is founded on the neglect of the sheriff, and the amount of the execution is the measure of damages.   (*Sedgwick on Damages,* 516, 519, 2*d* ed.   *Bank of Rome* v. *Curtiss, sheriff, &c.* 1 *Hill,* 275.   *Pardee* v. *Robertson,* 6 *id.* 550.   *Ledyard* v. *Jones,* 3 *Seld.* 553)   The gist of the action is the neglect to return the execution.   (*Nelson, Ch. J.* 6 *Hill,* 553.   The right of action having accrued, immediately at the expiration of sixty days, and the party being then entitled to recover the amount of his judgment, can it be divested by an appeal being taken from the judgment by the defendant in the execution, even although the appeal is brought prior to the commencement of the action ?

It is provided by section 339 of the code, that whenever an appeal is perfected, &c. " it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein." Under this provision of the code it has been decided that an appeal from a judgment, although accompanied by a proper undertaking, does not *per se* supersede an execution previously levied on personal property. (*Cook* v. *Dickerson,* 1 *Duer's Rep.* 679. *See also Matter of Berry,* 26 *Barb.* 56; *Smith* v. *Allen,* 2 *E. D. Smith,* 259.) It has also been held that the giving of an undertaking with security sufficient to stay the proceedings, is not a defense to an action previously commenced on the undertaking given on the appeal to the general term; but the defendant might on motion obtain a stay of proceedings in the action, until the decision on the appeal. (*Burrall* v. *Vanderbilt,* 6 *Abb.* 70. 1 *Bosw.* 637.) The court say: " The case before us is not a proceeding upon the judgment." This action is not a proceeding upon the judgment. It is an independent remedy provided by law, and cannot be said to be connected with it, or a matter embraced within the provisions of the code. The judgment debtor can have no interest in the defense of the action, and no remedy exists against him. Even if it did follow that the plaintiff might recover the judgment twice if successful in the suit upon which the execution issued, I do not see how this argument can help the defendant. The same difficulties would exist had an appeal been taken without security; and such an appeal would not have been a defense in an action against the sheriff. The trouble with the defense is that the time to return the execution had expired before the appeal was brought. The liability of the sheriff, and the right of action of the plaintiff, had become fixed. The sheriff had never made a levy under the writ. It had expired in his hands, and was of no avail for any purpose. By his own act and neglect, he had voluntarily placed himself in a position where he could not proceed to collect the execution, and where it would not protect him as against the

defendant, had he done so. The situation he occupies arises from a neglect to perform his duty, and by his own free act and choice.

No one but himself is responsible for it, and I do not see what right the defendant in the execution has to interpose, or that he is in any way affected by the result. Nor is it any answer to say that the right of action accruing by reason of the neglect of the sheriff to return the execution should have been asserted before the appeal was taken. I think it is sufficient that it existed when the suit was brought, and if there is no positive statute to prevent its being enforced after an appeal, there is no good ground for this position.

Whether the appeal would have been a proper ground to apply to the court for a stay of proceedings in the suit until it could be heard, it is unnecessary, perhaps, to inquire, as in the view I have taken it is not an available defense. Perhaps the decision of such a motion might depend upon facts which are not now presented. But as an opinion is not called for in the present aspect of the case, I forego any expression upon that point.

While the law extends its beneficent protection to public officers in a proper discharge of their duties; while it is ever lenient in shielding them from prosecution when circumstances indicate an honest and a bona fide effort to execute its process; yet it does not sanction an entire failure to perform an imperative duty. It does not willingly permit a sheriff to assume the responsibility of keeping process in his hands until the time for its execution and return has expired, and thus to delay and defeat its prompt and legal service without proper cause. And when an officer has thus violated a plain requirement, it should not attempt to sustain and to shield him from the penalty incurred by the wrong, by a forced and loose construction of a statutory provision. In this case the sheriff, without taking a single step, and without any apparent or satisfactory excuse, suffered the execution to run out in his hands. He has no equities, certainly, upon the con-

sideration of the court, and no claim for exclusive protection, and must abide the consequences of his own conduct.

I think the decision of the referee was correct, and the judgment should be affirmed, with costs.

[ALBANY GENERAL TERM, May 5, 1862. *Hogeboom, Peckham* and *Miller*, Justices.]