*DANIEL A. ROBERTSON

*vs.*

WILLIAM F. DAVIDSON.

1. In the absence of statutory provision, it is not necessary to issue an execution upon a judgment in an action of replevin before commencing suit upon an undertaking given in such action.

2. The effect of an appeal from a judgment is not to supersede the proceedings taken prior to the appeal, but only to suspend such proceedings in the condition they exist at the time of the appeal, and prevent any further step during its pendency.

3. An action, commenced on an undertaking given in an action of replevin, after judgment therein and before an appeal from such judgment, is not defeated by a judgment of this court on such subsequent appeal whereby the judgment of the district court is modified only as to the amount to be recovered.

4. A judgment entered in an action of replevin in the usual form of a judgment for the recovery of money is irregular, but not void, and cannot be attacked in an action on an undertaking given in the replevin suit in which the judgment was entered.

This action was commenced in the district court for Ramsey county, upon an undertaking executed by the defendants to the plaintiff in an action for the recovery of certain personal property, commenced by the La Crosse and Minnesota Steam Packet Company against the plaintiff. The defendants bound themselves in the undertaking " for the prosecution of the said action, for a return of the said property to the defendant (plaintiff in this action) if return thereof be

---

* Mr. Ch. J. Gilfillan, being of counsel in this case, took no part in the hearing or determination of the same.

adjudged, and for the payment to him of said sum as may, for any cause, be recovered against the plaintiff."

The complaint alleged the execution of the undertaking and the recovery of the judgment in the action, by the defendant therein, (plaintiff in this action) for the return of the property or the value thereof in case a return could not be had, the issuing of an execution, and its return unsatisfied. The only defense was that the plaintiff in said action, within six months after the entry of judgment, took an appeal from the judgment to this court, giving bond, &c., and that the execution of such judgment was thereby stayed. The plaintiff afterwards filed a supplemental complaint alleging the determination of the appeal in this court, resulting in a modification of the judgment as to the amount in case a return of the property could not be had, and the entry of judgment by stipulation in this court for such amount. No answer to the supplemental complaint having been filed judgment by default was entered for the plaintiff. The defendants' appeal to this court.

Allis, Gilfillan & Williams for Appellants.

George L. Otis for Respondent.

*By the Court*—McMillan, J.—The condition of the undertaking upon which this suit is brought is "for the prosecution of the said action, for a return of the property to the defendant, if return thereof be adjudged, and for the payment to him of such sum as may for any cause be recovered against the plaintiff."

The undertaking is not collateral in its nature, but is in effect an affirmative obligation on the part of the signers of

it, to return the property to the defendant in the replevin action, upon a judgment to that effect, and to pay him such sum as may for any cause be recovered against the plaintiff in that action.

By the terms of the instrument, therefore, upon the recovery of the judgment by the defendant in the action of replevin in the district court, the signers of the undertaking became liable to Robertson upon that instrument. *In the matter of Argus*, 7 *Wend.*, 499 ; *Livingston vs. Hammer*, 7 *Bos.* 671 ; *Burrall vs. Vanderbilt*, 1 *Bos.*, 643.

No statutory provision exists in our state requiring that an execution upon the judgment be issued by the party to whom the undertaking is given, in order to maintain an action on such undertaking. The cases of *Cowden vs. Reuse*, 10 *Wend.*, 334, and *same vs. Stanton*, 12 *Wend.*, 120, cited by the appellant, and relied on as requiring the issuing and return of an execution before an action can be maintained, are based expressly upon the statute of New York, and show that in the absence of such statute that step is not necessary. It may be remarked, however, that in this case an execution was issued upon the judgment in the district court, and the proper return thereon made before the action was commenced.

The action having been instituted before the appeal from the judgment was taken, unless the appeal, or the judgment thereon in the supreme court, operated to supersede and take away the plaintiff's right of action, or defeat his recovery in the action, the judgment in this case is correct.

We will consider first the effect of the appeal. An appeal is purely a statutory right,—*Hilliard on New Trials*, 556, sec. 2 ; *Tierney vs. Dodge*, 9 *Minn.*, 168,—and where statutory provisions exist defining and regulating its character and effect, they must prevail. The provisions regulating appeals

Robertson v. Davidson.

to the supreme court in our state, are found in *chapter* 86, *of the General Statutes, p.* 576–8. *Section* 15 of that chapter provides as follows: "Whenever an appeal is perfected as provided by sections eleven, twelve and fourteen, it stays all further proceedings in the court below upon the judgment appealed from, or upon the matter embraced therein; but the court below may proceed upon any other matter included in the action, and not affected by the judgment appealed from." * * *

Upon the perfection of a judgment subject to revision by appeal, the party in whose favor it is rendered is not compelled to await the expiration of the period allowed for such appeal, but may, in the absence of such appeal, proceed to the execution of the judgment. *Freeman & Elwell vs. Patten*, 1 *J. J. Marsh.*, 193. The only effect, it seems to us, which can be given to an appeal under the section above cited, is that it operates to stay or suspend the proceedings which may have been taken at the time the appeal is perfected, in the condition in which they then exist, and to prevent any further step or proceeding on the judgment or matter embraced therein. *Burrall vs. Vanderbilt, cited ante; Clark vs. Clark*, 7 *Paige*, 607; *Burr vs. Burr*, 10 *Ib.*, 169; *Cook vs. Dickerson*, 1 *Duer*, 679; *First National Bank &c. vs. Rogers et al.*, 13 *Minn.*, 407.

If this is correct, (whether the remedy upon the undertaking is effected by the appeal ⬛ not, which we do not determine,) the action in this case having been commenced prior to the appeal, the plaintiff's right to bring the suit is not affected by the appeal.

The appeal operating as a mere stay of proceedings, upon its determination, of course, its effect ceased, and the plaintiff might properly proceed in the action, and as no step was taken by the plaintiff in this case after the appeal, until it

vol. xiv.—36

was determined, so far as the appeal is concerned his proceedings were regular.

We are then to consider the effect of the judgment of this court upon the plaintiff's action on the undertaking.

The action was originally based, as appears from the complaint, upon the judgment of the district court, from which the appeal was taken. The supplemental complaint sets up the judgment in this court upon the appeal, "whereby it is determined that the judgment of the district court be modified," and that the plaintiff, the respondent in the appeal, recover certain damages, &c.

The judgment in this court being only a modification of the judgment below, is an affirmance in part of that judgment, and as the modification only extended to change the amount of the recovery obtained in the district court, the judgment, so far as it operated to fix the liability of the signers of the undertaking, was affirmed, the plaintiff's right of action upon the undertaking therefore, was not affected, and as the judgment in this court was a final disposition of the appeal, it determined the stay of the plaintiff's proceedings in the action. We are therefore of opinion that the judgment in this court did not supersede or defeat the right of action which accrued to the plaintiff by the entry of judgment in the district court.

But the judgment entered in this court by the stipulation of the parties, is not in the ordinary form of a judgment in an action of replevin, but is in the usual form of a judgment for the recovery of money only. It is claimed by the appellants, that by the entry of the judgment in this form, the sureties in the undertaking were discharged. We have already seen that the undertaking given by the defendants in this action is, as between them and the plaintiff, an original obligation, and the defendants were not sureties but

Robertson v. Davidson.

original promissors or obligors.    The principles applicable to sureties, therefore, do not apply in this action.

By the terms of the undertaking, the defendants agreed and became liable, not only to return the property, if a return was adjudged, but to pay to the plaintiff such sum as might, for any cause, be recovered against the defendant in the action of replevin.    It is true, the correct and usual form of judgment in replevin is in the alternative for a return of the property, or for the value thereof; the judgment as entered in this case, therefore, is irregular; but it is irregular only, and not void.    Its regularity cannot be impeached or inquired into collaterally ; it cannot, therefore be attacked in this action.    *Gallarati vs. Orser*, 4 *Bos.*, 105.    The defendants, therefore, are liable on the undertaking for the amount recovered in the action of replevin, and the plaintiff is entitled to judgment therefor.

The judgment of the court below is affirmed.