Pittsfield National Bank *v.* William H. Bayne et al., William H. Tailer, Impleaded, etc., Appellant; David J. Lees, Receiver, etc., Respondent.

By the terms of a judgment in an action by a judgment creditor to set aside as fraudulent an assignment for the benefit of creditors, the assignment was adjudged void, and the assignee was directed to pay plaintiff's judgment. If he failed to do this within ten days after service upon him of a certified copy of the judgment, he was directed to account for and turn over all the assigned property to a receiver appointed by the judgment. No certified copy of the judgment was ever served on the assignee. Pending an appeal from the judgment whereon the assignee had given a valid undertaking to stay proceedings, pursuant to a peremptory order of the court, granted on application of the receiver, the assignee paid over all the funds in hand to said receiver. This order was reversed on appeal, and subsequently a motion for restitution was made at the General Term and granted, but the order allowed the receiver to retain $450 for his commissions, counsel fees, etc. On appeal from so much of the order as granted the allowance, *held,* that it was reviewable here; that no copy of the judgment having been served on the assignee the receiver never had the legal right to demand and receive the property; that when the order requiring its delivery was reversed he ceased to have the right to retain the fund, or any part thereof, for commissions, etc., but should return it undiminished. The receiver paid over to plaintiff the amount of its judgment; this was acquiesced in by the assignee. *Held,* that this was not a waiver by the assignee of his right to insist upon the re-payment of the balance, and gave the receiver no right to commissions.

(Argued November 27, 1893; decided December 12, 1893.)

Appeal from that part of the order of the General Term of the Supreme Court in the first judicial department, made

February 17, 1893, which allowed respondent, David J. Lees, as receiver, to retain $450 out of moneys in his hands as such receiver.

The defendants Bayne and one Campbell, constituting a partnership, executed on the 4th of March, 1890, an assignment for the benefit of their creditors to the defendant William H. Tailer. The plaintiff was a creditor of the partnership, and, after obtaining a judgment for its claim against the firm, commenced this action to set aside the assignment as fraudulent and void as to it. The defendant Tailer, as assignee, was made a party to the action. The case was tried in the city of New York in November, 1891, and on the 13th of February, 1892, judgment was directed by the court to be entered, decreeing the assignment to be fraudulent and void as to the judgment creditor, the plaintiff in the action. Pursuant to the decision of the court judgment was entered on the 15th of February, 1892, by which it was adjudged that Tailer should pay the plaintiff the amount of its judgment (which was stated), together with interest from a day named and costs as taxed, the whole amounting to a named sum; if defendant Tailer did not pay this amount within ten days after service upon him of a certified copy of the decree, then he was directed to pay the amount to Mr. Lees, who was therein appointed receiver of all the property of the late partnership, and Tailer was also directed to account to the receiver for all the property received from the firm by him as such assignee. The receiver was then directed by the decree to sell the property, and out of the proceeds pay the plaintiff the amount due it, and hold the balance subject to the further direction of the court.

The defendant Tailer at once appealed from this judgment to the General Term, and gave an undertaking to stay proceedings thereon. The appeal was argued on June 13, 1892, and the case held under advisement by the court.

For some reason not plainly apparent, but possibly because of a claim that the undertaking already served did not stay plaintiff's proceedings, the defendant Tailer, upon affidavits, obtained, on the 5th of July, 1892, an order to show cause,

returnable on the 8th of the same month, why the plaintiff's proceedings upon the judgment should not be stayed. On the return day the application for a stay was denied, and the *ad interim* stay granted with the order to show cause was vacated at the Special Term.

On the 9th day of July, 1892, the General Term affirmed the judgment appealed from, and judgment of affirmance and for costs was on that day entered in the clerk's office. On the 14th day of July, 1892, the defendant Tailer appealed from the judgment of affirmance by the General Term to the Court of Appeals, and gave an undertaking for securing the payment of the whole judgment in case it was affirmed, or any part thereof, as provided for in the Code. On the 15th of July, 1892, Mr. Lees, receiver, upon affidavits, obtained an order to show cause, returnable on the 18th inst., why the defendant Tailer should not forthwith deliver all the property to him, the receiver, in compliance with the demand theretofore made, and why the defendant Tailer should not be punished as for a contempt of court in failing to comply with the judgment by turning over the property in his possession to the receiver, as directed thereby. No copy of the decree setting aside the assignment in the case, certified or otherwise, had then or has ever been served on the defendant Wm. H. Tailer, and no certified copy thereof had ever been served on the attorneys for Mr. Tailer, but a demand had been made upon his attorneys in Mr. Tailer's absence, and in behalf of the receiver, demanding the payment of the moneys to Mr. Lees as such receiver.

On the 18th of July, 1892, the order to show cause was argued, and on the 20th of that month an order was entered directing the defendant Tailer, within one day after the service on his attorneys of a copy of such order, to forthwith deliver to the receiver all the property of the partnership directed by the judgment made and entered on the 15th of February, 1892, and the defendant Tailer, in default thereof, was adjudged guilty of a willful contempt of court, and it was directed that a commitment should issue against him commit-

ting him to the jail in the county of New York until he should have complied with the judgment by delivering the property to the receiver. The receiver procured the order to show cause above mentioned, and his counsel, in conjunction with the counsel for the plaintiff, argued the motion on the return day. Pursuant to the last order Mr. Tailer paid over all the funds of which he had become possessed as assignee, and which were in the form of a certified check and certificates of deposit, amounting in all to $7,511.71. The amount of the plaintiff's judgment and interest was then $6,145.24. The payment was made by Mr. Tailer under protest in writing, in which he stated that it was made in compliance with the terms of the order of the court, dated July 20, 1892, and he claimed that said order was erroneous and had been appealed from, and that the moneys were delivered because the court denied a stay of proceedings pending his appeal from the order; and he further stated that he would continue to claim that the receiver's possession of the papers was not legal, and that the receiver's only duty in the premises would be to return the moneys to him in full, with all interest during the time of their detention by him.

On the 21st day of July, 1892, Mr. Tailer procured an order to show cause, returnable on the 5th of August, 1892, why there should not be a re-argument of the order adjudging him in contempt, and why there should not be a stay of proceedings pending an appeal from such order, and upon such terms as the court might direct, and the motion upon the return of that order was opposed by the receiver's counsel, and by counsel for the plaintiff. The motion for a re-argument was denied, as was also the motion for a stay of proceedings pending an appeal from that order, and the stay of proceedings granted under the order to show cause was vacated and set aside.

Things remained in this condition until the 16th day of December, 1892. On that day the General Term reversed the order appealed from which adjudged Mr. Tailer in contempt, with costs and disbursements of the appeal, and denied the motion to punish him as for a contempt, with $10 costs

to be paid by the plaintiff or its attorneys. The reversal went upon the ground that the certified copy of the decree never having been served upon defendant Tailer, his right to make payment directly to the plaintiff still remained. It was further held that the undertaking upon appeal filed by defendant Tailer stayed further proceedings, and upon these two grounds it was held the receiver had no right to the possession of the property.

On the 1st day of February, 1893, the defendant Tailer noticed a motion to be submitted to the General Term for an order directing the receiver, Lees, to make restitution of the moneys which had been paid to him by defendant Tailer under protest and because of the order made by the Special Term on July 20, 1892. On the argument of that motion at the General Term it appeared in substance that the receiver, after the payment to him by Tailer of the moneys in question, had informed the attorneys for Mr. Tailer that the plaintiff's attorney insisted upon his paying to such attorney the amount of the plaintiff's judgment, and as there was no stay of proceedings prohibiting him, the receiver, from making such payment, he would do the same unless the counsel for Mr. Tailer should obtain such order, to which it was answered that in such an event the assignee would have the additional security of the plaintiff for the moneys paid to it, and that in any event it might be of advantage to have such judgment paid, as it was running at the rate of six per cent interest, whereas the moneys which Mr. Tailer had had on deposit in the trust company only earned two per cent. Mr. Tailer's counsel advised the receiver to be careful how he acted and how he paid money under this order before the appeal was decided, because he might be liable to repay the whole amount to the assignee. The receiver subsequently prepared papers and asked the court for its direction as to what he should do in relation to the payment of the amount of the judgment of the plaintiff. The court declined to give any directions, and the motion was withdrawn. The receiver subsequently paid to the plaintiff the amount of his judgment and interest.

Upon these facts appearing in the course of the motion for restitution before the General Term, that court credited the receiver with the amount of the payment he had made to the plaintiff in payment of its judgment, with interest thereon to the date of payment. This was not objected to by counsel for Mr. Tailer, and that payment is now acquiesced in by him. This leaves a balance of $1,366.47, and it appearing that the judgment setting aside the assignment had been affirmed by the Court of Appeals, since the defendant Tailer noticed his motion for restitution, the General Term ordered that the receiver should retain out of this balance the sum of $450, which sum was allowed him to cover his commissions, counsel fees and disbursements, and the remainder of the sum, $916.47, with such interest as the trust company with which the balance had remained on deposit should allow, the receiver was directed to pay over to Mr. Tailer, as assignee, within ten days after service upon him of a copy of the order. From that portion of the order which allowed the receiver to retain the sum of $450 to cover his commissions, counsel fees, disbursements, etc., the defendant Tailer has appealed to this court.

*Henry L. Burnett* for appellant. The order is appealable. (Code Civ. Pro. § 1323 ; *Demarest* v. *Darg*, 32 N. Y. 281 ; *Culross* v. *Gibbons*, 130 id. 447, 454 ; *Wright* v. *Nostrand*, 100 id. 616 ; *In re King*, 130 id. 602 ; *Sturgis* v. *Spofford*, 58 id. 103 ; *Berger* v. *Carman*, 79 id. 146 ; *C. Ins. Co.* v. *Stevens*, 37 id. 536.) Money paid under an erroneous judgment or order, which is subsequently reversed, belongs as of right to the successful appellant. (*Haebler* v. *Myers*, 132 N. Y. 363 ; *U. S. Bank* v. *Bank of Washington*, 6 Pet. 8 ; *Clark* v. *Pinney*, 6 Cow. 298.) A receiver prosecuting a claim to enhance the fund in his hands is subject to the same results when unsuccessful as are other persons. (*C. Ins. Co.* v. *Stevens*, 37 N. Y. 536.) Hence, a receiver must make restitution when he has forced payment of money under an order appealed from and subsequently reversed without deduction

for his expenses in the proceeding. (*Weston* v. *Watts*, 45 Hun, 219 ; *Howe* v. *Jones*, 66 Iowa, 156 ; *Bowe* v. *U. S. R. Co.*, 36 Hun, 407.)

*Franklin Bien* for respondent. The order appealed from is not appealable. (*Brownell* v. *Ruckman*, 85 N. Y. 648 ; *Holloway* v. *Stephens*, 58 id. 670.)

Peckham, J. Mr. Tailer did not pay the money voluntarily, but only by reason of the order of the Special Term of the court and under protest. The receiver was a moving party to the proceeding resulting in the granting of such order. By the terms of the judgment appointing the receiver, the defendant Tailer had the right to pay the amount of plaintiff's judgment and costs directly to it, and such right remained until ten days after the service upon Tailer of a certified copy of the judgment or decree. This certified copy was never served upon him, and hence the receiver never had the legal right to demand or receive possession of the property held by Tailer. In addition to that defense, the defendant Tailer had appealed from the judgment avoiding the assignment to the Court of Appeals, and had given a valid undertaking to stay proceedings upon such judgment pending that appeal.

Notwithstanding these facts, and in spite of them, the receiver, while the appeal was still pending, took active measures to obtain possession of the property, and to that end applied to the court, with the result as already stated.

Upon appeal to the General Term by Mr. Tailer that court reversed the order of the Special Term and denied the receiver's application, and held, that the receiver, when he applied for it, had no right to the possession of the property. Mr. Tailer's motion made to the General Term, after such reversal, for an order of restitution, has been granted with a proviso that the receiver may retain a sum named for his commissions, counsel fees and disbursements. The correctness of that allowance is the sole point in this appeal.

The counsel for the receiver maintains that the order is not appealable to this court, for the reason that it was a discretionary one with the General Term. If this be true we cannot review the exercise of that discretion, unless in case of an abuse thereof, which does not appear. In one aspect the action of the court may be regarded as discretionary. It may not be bound to act when its action is invoked by a mere motion or application for an order of restitution. It might deny that mode of relief and turn the party over to his action. If, however, it retain the application it must decide upon the facts which are presented to it, and if they show a legal right to demand restitution, and a legal right to the full sum demanded, I apprehend there is then no discretion with the court to refuse to grant any relief, or to grant but a portion of the relief demanded. Under such circumstances the court is not asked for a favor which it may grant upon such terms as it shall choose to impose; hence *Brownell* v. *Ruckman* (85 N. Y. 648), is not in point. If the application be wholly denied, and nothing further appear in the order, it may very possibly be that the denial would be regarded as an exercise of the discretion vested in the court, whether to entertain such application or not, and the order of denial might not be appealable. When, however, the application is entertained, and an order for restitution in part is made, if, as matter of law, the applicant is entitled to restitution of the whole, then the order which refuses it is appealable here.

The case of *Holloway* v. *Stephens* (58 N. Y. 670), decided in this court without an opinion, is not in conflict with these views. In that case the court below directed defendant to restore the property received by him by virtue of the judgment, which was subsequently reversed. The defendant appealed to this court from such order for restitution and the appeal was dismissed. The record shows that the order for restitution was undoubtedly right. The court below having made a correct decision and the record coming here for review, it may be that technically the form of our order should have been an affirmance of the order appealed from, instead of a

dismissal of such appeal. The case cannot be cited as an authority that in such a case as this the action of the court below may not be the subject of review by this court. The order was a final one; it affected a substantial right; it was not a matter of discretion, and it was made upon a summary application after judgment. The Code makes such an order appealable to this court (Code Civ. Pro. sec. 190, sub. 3).

I say the order was not a matter of discretion. If it were, of course, the action of the General Term is final. If the court below had in any possible aspect the right to allow these commissions and counsel fees, then we are concluded by its action.

The General Term has held (and we agree with it) that the receiver had no right to the possession of these moneys. The Special Term of the Supreme Court thought differently and so ordered. While that order was in force, it was a protection to the receiver, and an answer to any opposition which might be made to the allowance of the receiver's commissions and counsel fees. When the order was reversed and the application of the receiver for the possession of the property was denied, then the receiver ceased to have the right to retain the moneys for the purpose of taking his commissions and fees to counsel out of them. The person who had the moneys in his possession when the order to deliver them to the receiver was made, had the legal right to be restored to such possession when that order was reversed and the receiver's application denied. (*Haebler* v. *Myers*, 132 N. Y. 363, and cases cited.) We must regard the possession of the receiver as wholly unauthorized, because the order upon which alone his right is based has been reversed and held to have been unauthorized and illegal. This money belonged to the assignee so far as the receiver is concerned. A portion of it, under the judgment, the assignee was directed to pay to the plaintiff, and the balance he was entitled to retain as the owner, in trust, of course, for the payment of the debts of the assignors. The receiver, under an order which has been reversed, has obtained possession of these moneys, and he must now pay them back

undiminished by any claim for commissions or counsel fees paid to his counsel.

It is the same in regard to this property as if the receiver ought not to have been appointed. In such case, if the receiver has taken possession of property, he must deliver it up and cannot have his own commissions deducted. (*Weston* v. *Watts*, 45 Hun, 219.) The fact that the assignee now acquiesces in the payment by the receiver of the amount of the plaintiff's judgment, is no waiver of any right of the defendant to question the receiver's right to the fund or to insist upon the re-payment of the balance after the crediting of the plaintiff's judgment. Although not entitled to the moneys, and although he procured such possession in spite of the opposition and under the protest of the defendant Tailer, the receiver paid the plaintiff's judgment, with the acquiescence, it may be said, of Mr. Tailer. This is no waiver of the rights of the latter and gives the receiver no right to exact commissions thereon. We do not decide that in all cases where an order appointing a receiver, or an order directing funds to be placed in his possession is reversed, no commissions can be allowed the receiver. There may be circumstances existing in any such case which would render it matter of discretion whether or not to permit commissions, etc., to the receiver, and with its exercise we would have no right of review, if not abused.

Here, however, we think there was no discretion. The provisions of the judgment, under which alone the receiver could claim a right of possession, had not been complied with by him, and he had no right whatever to these moneys. The defendant Tailer, if the moneys had not been already paid over by him, would have had the clear, legal right to retain them when the order was reversed. The receiver never having had the right to take the moneys, as has been adjudged, should have been compelled to pay over the whole amount demanded, being the balance in his hands and the interest earned by it, after deducting the amount paid to the plaintiff for its judgment.

If the receiver is entitled to collect his commissions, etc., from any one, it is probably the plaintiff, who seems to have joined him in his attempts to obtain possession of the fund and to defend the same.

The order should be amended by striking out the permission to the receiver to retain the $450, and he should be directed to repay the whole balance in his hands, with the interest actually earned and received, after deducting the payment made by him to the plaintiff. No costs will be imposed upon the receiver in this court.

All concur.

Ordered accordingly.