1837.

Brayton
v.
Smith.

---

### Brayton *vs.* Smith and others.

The sheriff is answerable for the sufficiency of the sureties which he takes
upon a writ of ne exeat. But where he has taken bail upon the writ, if
the defendant leaves the state, the court will allow the sheriff a reasonable
time to produce the defendant; or, in case he cannot be produced, will al-
low a reasonable time to the sheriff to prosecute the bond and to recover
the amount which the sheriff is ordered to pay.

Where the defendant in a ne exeat cannot procure such security as will sat-
isfy the sheriff, or if he wishes to leave the state before the termination of
the suit, his proper course is to apply to the court to discharge the writ of
ne exeat, upon his giving sufficient security to answer the complainant's
bill and to render himself amenable to the process of the court during the
progress of the suit, and such as may be issued to compel the performance
of the final decree. And upon such application, the court will take such
security as it may deem sufficient, and will discharge the sheriff from lia-
bility.

1837.

Brayton
v.
Smith.

June 20.

A WRIT of ne exeat was issued in this case against H. M. F. Smith, one of the defendants, in which the sheriff was directed to hold him to bail in the sum of $1,000 ; upon which writ the sheriff returned that he had executed the same by taking bail from the defendant as therein commanded, and that such bail were J. M. Bull and J. Simpson. A final decree having been rendered against the defendant Smith for the payment of $831,19 and interest from December 30th, 1836, and an execution against the body of the defendant for the collection thereof having been returned *non est*, the complainant's solicitor, upon an affidavit that the defendant had left the state pending the suit and was now residing with his family in the state of Michigan, applied for an order that the sheriff pay the amount of the decree and the costs of the application, or for such other order in the premises as the court should see fit to grant. On the part of the sheriff the affidavit of the executor of one of the sureties was produced showing that the sheriff had taken a bond in the usual form, and that the defendant Smith could be brought within the jurisdiction of the court and surrendered to the sheriff by the first Tuesday of July thereafter. He therefore asked liberty and for time to produce the body of the defendant in discharge of himself and the bail. The counsel for the sheriff also insisted that having taken security as required by the writ of ne exeat, the sheriff could not be proceeded against in this summary way. On the part of the complainant it was urged that the sheriff was bound at his peril to take of the defendant sufficient security to enforce obedience to the writ ; and that having suffered him to leave the state so that he could not be arrested upon the execution issued upon the decree, the sheriff was bound to pay the debt.

*J. Ellsworth*, for the complainant.

*S. M. Woodruff*, for the sheriff.

THE CHANCELLOR. It appears to be settled that the sheriff must at his peril take sufficient security upon a writ of ne exeat for his own indemnity if the defendant leaves

the state so that he cannot be made amenable to the process of the court pending the suit or compelled to perform the final decree. (*Boehm* v. *Wood, Turn. & Russ. Rep.* 332.) If the defendant, therefore, cannot obtain such security as will satisfy the sheriff, or if he wishes to leave the state upon business or otherwise pending the suit, his proper course is to apply to the court to discharge the ne exeat upon his giving sufficient surety to answer the bill and to render himself amenable to the process of the court during the progress of the cause and such as may be issued to compel a performance of the final decree. Upon such an application the court will take such security as may be deemed sufficient, and will discharge the liability of the sheriff. From the case of *Collinridge* v. *Mount,* (2 *Dicken's Rep.* 688,) it appears that the English court of chancery has no authority even to make an order for the prosecution of the bond taken by the sheriff upon a ne exeat. And the authority of that case appears to have been recognized by Lord Eldon in *Boehm* v. *Wood,* although he had granted leave to prosecute such a bond, in the case of *Musgrave* v. *Medex,* a few years before. (1 *Meriv. Rep.* 49.)

It is not the practice of this court, however, to compel the sheriff who has taken bail upon the ne exeat to pay the debt absolutely, without giving him time to produce the defendant, so that he may be rendered amenable to the process of the court for the performance of its order or decree. And even where the sheriff is unable to produce the body of the defendant, it would be unreasonable to compel him to pay the money, where he has done his duty by taking sufficient security, without giving him a reasonable time to collect the amount upon his bond. In the present case, it appears by the affidavit on the part of the sheriff, that the defendant can be produced by the first motion day in July ; which is not an unreasonable time after the sheriff had notice of this application and of the decree and the return of the execution against the defendant, such execution having been issued to his successor in office.

An order must therefore be entered that D. Sherrill, the late sheriff of Washington county, produce the body of the

defendant H. M. F. Smith before the chancellor on the first Tuesday of July next, and pay to the complainant the costs of this application, or in default thereof that he pay to the complainant the amount of the decree against Smith, including interest, together with the costs of this application. And that if the same is not paid within six months thereafter, the complainant have liberty to issue process for the collection thereof; unless the court, upon a proper application, shall give further time to the sheriff to collect the same upon his bond.