By the Court. Sandford, J.
The code of procedure declares that it is expedient to abolish the distinction between legal And equitable remedies, and thereupon enacts that all remedies in courts of justice, shall consist of two classes, viz., actions and ■special proceedings. Actions are divided into civil and criminal,
*628 This suit is therefore a civil action, as defined andestablishsdi by the code of procedure.
The seventh title of the code is devoted to “ the provisional remedies in civil actions,” and three are treated of at large. These are, 1. Arrest and bail; 2. Claim and delivery of personal property -f and, 3. Injunction. Under the first head, section 153, provides that “no person shall be arrested in a civil action, except as prescribed by this act.” Some exceptions are made, which are not applicable to this case. The' chapter then proceeds to define the cases in which the defendant may be arrested, and the manner of obtaining such arrest. The complaint in this case was not framed to set forth either of the cases defined in the cede, and in sustaining the arrest made, but little reliance was placed upon this ground.
The defendant’s arrest was upon an order of a justice of the court, in the nature and form of a writ of ne exeat, as practised in the late court of chancery. It directed the sheriff to cause the defendant to come before him and give sufficient bail or security in two thousand dollars, that' he would not depart out of the jurisdiction of the state, &c., and in default of such bail, to commit him to the common jail until he should do it of his own accord.
The effect of the order was, to arrest the defendant, in a civil action, and as we will assume, in a case for which the chapter of the code, touching arrest and bail, does not provide.
It is contended that chapter fourth of the same title (Code, ^ 200,) left the practice of issuing ne exeats in full force, and the order in question was made upon that understanding. The chapter is entitled “ Other provisional remediesand it enacts, that until the legislature shall otherwise provide, the court may appoint receivers, &c., “ and grant the other provisional remedies now existing, according to the present practice,; except as otherwise provided in this act.”
On full consideration of the point, we are all agreed that this section dqes not save the process of ne exeat. That process was one for the arrest of a party in a civil action. The 153d section is'positive that no such arrest shall be made, except as prescribed by the code. The code does not prescribe a ne exeat, *629 and it prescribes the specific cases in which parties may be arrested, not including the case made by this complaint. The reservation of other provisional remedies, in § 200, seems to be intended for remedies other than those provided by the code itself; and if that be not the necessary inference, the concluding paragraph, “except as otherwise provided in this act,” is a plain declaration that where the act gives a provisional remedy, and makes it applicable to all cases in which such remedy is permissible, the corresponding existing remedy according to the practice when the act took effect, is superseded.
The first report of the Commissioners on Practice and Pleadings, (page 161,) shows that it was their intention by the code, to abolish the writ of ne exeat, or equitable bail, not at a future time, but manifestly by the bill accompanying their report. We think the act, as enacted by the legislature, carried this intention into effect. We find no good reason for supposing that the provisions for arrest and bail, were intended for legal rights and claims, to the exclusion of those which are of an equitable character. They apply to all “ civil actions,” which term embraces an equity suit between partners, as well as a case of trover and conversion.
The defendant must be discharged, and his undertaking returned to him to be cancelled, on his relinquishing all supposed rights of action growing out of his arrest.