Denlo, J.
 

 The Supreme Court was of opinion that, as the bond of indemnity which the plaintiff had given to the defendant, as' sheriff did not extend to an action on the undertaking, • and would not have afforded an indemnity against costs in such an action, the defendant was justified in omitting to do anything further after the return of the execution against Mary Turner unsatisfied. In this, I think, the court fell into an error. The bond was given in consequence of the claim of Mary Turner that the property levied on belonged to her. By executing' the bond, the plaintiffs assumed the whole risk which the sheriff would incur in consequence of that claim, and the defendant then proceeded to execute the
 
 Ji. fa.
 
 The result of the replevin suit showed conclusively that her claim was. unfounded, and that the property really belonged to the judgment debtor.. The undertaking given by the plaintiff in the replevin had then become the equivalent for the property; and though, in form, it ran to the coroner, the defendant was entitled to maintain an action upon it, and could claim to have it assigned to him.
 
 *484
 
 (2 R. S., 533, § 64;
 
 Acker
 
 v.
 
 Finn, 5
 
 Hill, 293.) I do not find any provision of law which would entitle the plaintiffs, who had no .property,- general or special, in the goods, to an assignment óf the undertaking. By an arrangement between them and the defendant; they might, no doubt, have taken upon themselves the burden of prosecuting the undertaking, and it. would not have been unreasonable in them to have done so. But; in point of law,- the further duty of pursuing the remedy oh the undertaking belonged to the defendant, ás sheriff, and this duty he neglected for more than a year after the return ' of the execution against Mary Turnen There is nothing in the case to show that the sureties were not abundantly responsible; or that the money could not have been collected, if the defendant had enforced the undertaking.
 

 It seems that, at common law, an action on the case would not lie against a sheriff for an omission of duty in the execution of process of this kind; but the statute has given an action to the creditor against him for not returning the execution, and the settled doctrine of the courts is, that where it has not been returned, he is,
 
 prima
 
 facie, liable for the debt, but may mitigate' the damages by showing that the defendant had no property of which the judgment could be levied. Where, as in this Case; there was sufficient property, and he has not made the money nor returned the execution, nor shown any sufficient feasoti Why he has not dbne so, he is chargeable with the debt.
 
 (Bank of Rome
 
 v.
 
 Curtis,
 
 1 Hill, 275;
 
 Pardee
 
 v.
 
 Robertson,
 
 6
 
 Id.,
 
 550;
 
 Ledyard
 
 v. Jones, 4 Sandf. S. C. R., 67;
 
 S. C.,
 
 3 Seld., 550.) It has been urged that it might happen that an fiction by the defendant against the sureties wduld be fruitless, as they may have become insolvent, or may have justified frfitidulently, and that the sheriff might thereby incur the expense of an action for which he would have no indemnity " This might, no doubt, 'so turn out; but it is one of the burdens of the office which the defendant assumed, and for which die" can only be compensated by the other advantages which the office confers. The duty of prosécutihg the undertaking to judgment'fil'd execution was fis obligatory as the levying upon
 
 *485
 
 the defendant’s property in the first instance. Upon the proof in this case there was nothing to raise a doubt as to the result of such, a prosecution, nor any reason for calling upon the plaintiffs to furnish an indemnity against any possible loss which might be sustained.
 

 There was no ground upon which the counterclaim could be allowed. Upon the comprehensive -terms of the bond, it is true that the obligors might be liable for the expenses of the suit, though the judgment was against Mrs. Turner; but until the remedy on the undertaking shall be shown to be fruitless, it cannot be said that the defendant has suffered any loss or damage in consequence of her claim to the property or her action for its recovery.
 

 I am in favor of reversing the judgment of the Supreme Court, and affirming that of the City Court.
 

 All the judges concurring,
 

 Judgment accordingly.