Peck *v.* Hurlburt.

New trial denied.

[MONROE GENERAL TERM, September 3, 1866.   *Welles, E. D. Smith* and *Johnson*, Justices.]

———————•◦•———————

## PECK *vs.* HURLBURT, late sheriff, &c.

The neglect of a sheriff to return an execution put into his hands for collection, is an omission of an official duty, within the statute requiring an action against a sheriff upon a liability incurred by the doing of any act in his official capacity, &c. or by the omission of an official duty, to be brought within three years.

The cause of action for omitting to return an execution, accrues the moment the sixty days, within which it is to be returned, have expired.   The duty is imposed by statute, and the mere omission to perform it creates the right of action.

No attachment, or notice to the sheriff to return an execution in his hands, is necessary, to give the party his right of action.

Where an execution, returnable within sixty days from the time of its receipt by the sheriff, was put into his hands on the 5th of July, 1859, and a levy then made; *Held* that the sheriff was in default for not returning the execution, and a cause of action accrued against him, therefor, on the 4th of August, 1859; and that an action for such omission of duty, not commenced until the 6th of October, 1864, was barred by the statute of limitations.

In such an action, under the statute, proof that within three years prior to the commencement of the suit, the defendant had suppressed the execution, and suffered the property levied on to go to waste, will not affect the rights of the parties.

When the statute has once commenced running, it will continue to run until the time limited expires.   It will not stop, and commence to run anew, upon the happening of any particular omission of duty, of the same character, but differing in degree.

MOTION to set aside a nonsuit, and for a new trial upon exceptions.

*A. Dann,* for the plaintiff.

*Geo. F. Danforth,* for the defendant.

*By the Court,* JOHNSON, J.   The action is brought against the defendant, to recover damages accruing from his neglect to return a certain execution duly issued upon a judgment against Theodore D. and Anthony Yorks, and delivered to him as sheriff of the county of Livingston, and to make the money thereon.   Amongst other defenses the defendant set up by his answer the statute of limitations.   It was agreed and admitted that the execution was received by the defendant on the 5th of July, 1859, and a levy then made.   This action was commenced the 6th of October, 1864.   The plaintiff was nonsuited on the ground that the action was not commenced within three years from the time the cause of action arose.

By statute an action against a sheriff upon a liability incurred by the doing of any act in his official capacity, and in virtue of his office, or by the omission of an official duty, must be brought within three years from the time the cause of action shall have accrued.   (*Code,* § 92.)   The execution was returnable within sixty days from the receipt of the same by the defendant, and the defendant was in default for not returning it, and a cause of action accrued against him therefor, on the 4th of August, 1859.   The three years limitation, therefore, expired on the 4th of August, 1862.

The acts charged in the complaint, as the cause of action, are clearly those of omission of official duty.   That the cause of action accrues the moment the sixty days has expired has been repeatedly held.   No attachment, or notice to the sheriff to return an execution in his hands, is necessary to give the party his right of action.   The duty is imposed by statute, and the mere omission to perform it creates the right of action. (*Corning* v. *Southland,* 3 *Hill,* 554.   *Burk* v. *Campbell,* 15 *John.* 456.)   This action is given by statute, and did not

exist at common law against a sheriff for a mere omission of duty. (*Swezey* v. *Lott*, 21 *N. Y. Rep.* 484. *Humphrey* v. *Hathorn*, 24 *Barb.* 278. *Pardee* v. *Robertson*, 6 *Hill*, 552.) The practice was to compel a return, and seek a remedy upon that, if untrue.

Under this action, given by statute, for omitting to make the return, the whole amount of the execution may be collected if no valid excuse is shown. (*Bank of Rome* v. *Curtiss*, 1 *Hill*, 275. *Ledyard* v. *Jones*, 7 *N. Y. Rep.* 550.)

The plaintiff, by his counsel, offered to prove that within three years prior to the commencement of the action, the defendant had suppressed the execution and suffered the property levied upon to go to waste. But I am unable to see how this evidence, had it been admitted, could have affected the rights of the parties in view of the statute. When the statute had once commenced running, it continued to run until the time limited expired. It did not stop, and commence to run anew, upon the happening of any particular omission of duty, of the same character, but differing perhaps in degree. The action was clearly barred by the statute, and the nonsuit was properly granted.

A new trial must therefore be denied.

