## BRECK vs. SMITH.

Sections 468 and 471 of the Code of Procedure continue the writ of *ne exeat* and the power to issue it, as a statutory remedy, in the *Supreme* Court. CLERKE, P. J., dissented.

Where a defendant does not move to vacate an order for a *ne exeat*, on the ground that he is in custody under the writ, but as having been discharged from custody on giving bail or security to the sheriff; and in his notice of motion he does not ask to have the bail bond or undertaking given up to be canceled, it is not erroneous for the court to deny the motion; as the writ can do him no harm, if he does not intend to leave the jurisdiction.

Although the codifiers may have intended to abolish the writ of *ne exeat*, *it seems* they did not succeed in doing so.

A PPEAL from an order made at a special term denying a motion to vacate an order for a *ne exeat*, and the writ, after the defendant had been discharged from custody, on giving bail or security to the sheriff.

SUTHERLAND, J. The codifiers may have intended to abolish the writ of *ne exeat*, but I do not think they succeeded in doing so.

I suppose there never has been, or ever will be, a codifier who, at the close of his work, does not think that he has done many things that he has not done, and who has not done many things that he did not intend to do.

The act of December 14, 1847, amending the judiciary act of May 12, 1847, conferred on any justice of the Supreme Court, or county judge, the power, out of court, to allow writs of *ne exeat* in suits and proceedings in the *Supreme* Court. (*See Laws of* 1847, *p.* 640, § 13.) Section 471 of the Code expressly provides that part second of the Code "shall not affect" any special statutory remedy not heretofore obtained by action; and section 468 of the Code continues the practice before in use, to prevent a failure of justice, in a case where a remedy cannot be had by action according to or under the Code. It appears to me that these sections, especially section 471, continue the

Breck *v.* Smith.

writ of *ne exeat,* and the power to issue it as a *statutory* remedy, in the justices of the *Supreme* Court.

The act of 1857 relating to the Superior Court of Buffalo (*Laws of* 1857, *p.* 752) would appear to be a legislative assumption of the continuance of the power of the Supreme Court to issue the writ.

The remaining question is, did the court below err in refusing to vacate the order for the *ne exeat* and the writ.

Considering that the defendant Smith did not make the motion as being in custody under the writ, but as having been discharged from custody on giving the bail, or security to the sheriff, and that he did not ask in his notice of motion to have the bail bond or undertaking given up to be canceled, I do not think it can be said that the court below erred in denying the motion.

It does not appear to me that it would have been right to have granted the motion on the answers and the affidavits denying any intention to leave the state or country. If the defendant did not intend to leave the jurisdiction of the court, he having given the bail and having been discharged from the arrest, what harm could come to him, or to his sureties, if things were left as they were.

I think the order should be affirmed, without costs to either party.

Geo. G. Barnard, J., concurred.

Clerke, P. J., (dissenting.) The writ of *ne exeat* was expressly abolished by section 178 of the Code of Procedure. The language of the section is, "No person shall be arrested in a civil action, except as prescribed in this act." Section 179 then enumerates the cases in which persons may be arrested; and cases in which the writ of *ne exeat* was allowed, are omitted. Arrest, therefore, in such cases, is prohibited.

But it is said that this writ is revived by the act of De-

cember 14, 1847, (*Laws of* 1847, *p.* 640, § 13,) as it declares that any justice of the Supreme Court, or a county judge, may, out of court, allow writs of *ne exeat,* in suits and proceedings in the Supreme Court. I do not think that this incidental provision amounts to a repeal of section 178, so far as it concerns the writ of *ne exeat.* Repeal by implication is not favored; and, unless the later act takes some notice of the former, plainly indicating an intention to abrogate it, the later will not be deemed a repeal of the former. (*See Bowen* v. *Lease,* 5 *Hill,* 221; *Williams* v. *Potter,* 2 *Barb.* 316.)

If an incidental provision in an act be deemed a repeal of an express provision of a former act, it will make the confusion which we already have, in our law, "worse confounded," will mar any harmony that is left in it, and will open the door still wider to fraudulent legislation.

No notice whatever is taken, in the act of 1847, of sections 178 and 179 of the Code; there is no reference to it; it is not even incidentally named; indeed the person who prepared the act of 1847 was, probably, totally ignorant of the effect of these sections on the writ of *ne exeat.* The same remarks apply to the act of 1857, relating to the Superior Court of Buffalo.

If these acts do not repeal sections 178 and 179, as to their operation on the writ of *ne exeat,* and if they do not revive or create that writ, it cannot be considered a statutory remedy; and sections 468 and 471 have no application to it.

The order appealed from should be reversed, with costs, and the order allowing the writ, and the writ itself, should be vacated.

Order affirmed.

[New York General Term, January 4, 1869. *Clerke, Sutherland* and *Geo. G. Barnard,* Justices.]