LUCINDA BECKWITH, Respondent, *v.* JOHN SMITH, Sheriff, etc., Appellant.

(GENERAL TERM, THIRD DEPARTMENT, DECEMBER, 1870.)

The right to the writ of *ne exeat*, in equitable cases, has not been in any way abolished by the Code.

Where a sheriff is guilty of negligence in allowing an escape through entire failure to execute a writ of *ne exeat*, an action lies against him without application to the court.

APPEAL from order of Special Term, overruling demurrer to plaintiff's complaint.

---

*Hart & Tomlinson*, for the appellant.

*E. H. Benn*, for the respondent.

Present—MILLER, P. J., HOGEBOOM and PARKER, JJ.

MILLER, P. J.　The complaint in this action alleges that on the first of May, 1869, the defendant was sheriff of the county of Chemung. That the plaintiff commenced an action in the Supreme Court, in said county, against one James B. Beckwith, her husband, to obtain a divorce for adultery and for alimony, etc., in which the defendant appeared and interposed a defence, which action is still pending and undetermined. That afterward, and on the fourth of May, 1869, a writ of *ne exeat* was obtained, directed to said sheriff, requiring him to cause the said Beckwith to come before him to give sufficient bail in the sum of $5,000, or in case of refusal, that he commit him to the common jail of Chemung county, and to make a return of his proceedings. That the said sheriff did arrest the said Beckwith, but did not hold him to bail, or require him to give security or commit him to jail, but *negligently and voluntarily allowed him to escape.* That at a Special Term of the Supreme Court, held on the 30th of August, 1869, an order was duly made by said court in the said action between the plaintiff and the said James B. Beckwith, that the said James B. Beckwith pay to the plaintiff the sum of forty dollars per month, monthly in advance, from the commencement of this action for her support and maintenance during the pendency of this action and $150 for costs and expenses, etc., to be paid within twenty days from the 30th of August, 1869.

The complaint further alleges, that Beckwith had departed from the State before the making of the order, so that no demand could be made of him, or the order be enforced; that no part of the sums due have been paid, and demands, as relief, that the defendant be adjudged and required to pay the same with costs.

The defendant demurred to the complaint upon the ground that it did not state facts sufficient to constitute a cause of action, and the court at Special Term overruled the demurrer with leave to answer in twenty days upon payment of costs The defendant appealed from the order of the Special Term.

Two objections are urged to the plaintiff's complaint.

1st. That the writ of *ne exeat* is abolished by the Code, and, therefore, the action cannot be maintained.

2d. That the action in which the writ was issued, was an equitable action, and as the proceedings and process were under the control of the court, the plaintiff should have applied to the court for proper relief against the sheriff by motion.

As to the first objection, it was held in the Superior Court of the city of New York, in *Johnston* v. *Johnston* (1 Robt., 642), and in *Fuller* v. *Eunice* (2 Sand., 626), that the writ of *ne exeat* was abolished. The weight of authority, however, is decidedly the other way ; and it has been held, both at Special and General Term, in the Supreme Court, that the right to issue the writ of *ne exeat*, in equitable cases, still exists, and has not been in any way abolished by the Code. Without entering upon an examination of the cases, it is sufficient to refer to them. See *Forrest* v. *Forrest* (10 Barb., 46) ; *Bushwell* v. *Bushwell* (15 Barb., 399) ; *Neville* v. *Neville* (22 How. Pr. R., 500) ; *Brock* v. *Smith* (54 Barb., 212); *Marston* v. *Haggerty* (Mss. 6th Dist., PARKER, J.) The case of *Brock* v. *Smith* was decided since the case of *Johnston* v. *Johnston ;* and in the light of the authorities it must be held in this court, that the question is *res adjudicata.*

As to the second question, I think that there is no practice in cases like the present one, which requires an application to the court before the party claiming damages is authorized to bring an action for an escape. Such an action is founded upon the violation of duty by a public officer, in failing to execute a process legally and properly delivered to him for execution. It is a negligent performance of a duty imposed upon him by the writ which has been placed in his hands,

for which the action is brought. He is required thereby to do certain acts which he voluntarily and negligently fails to perform, and by his own omission renders himself liable for damages. It is very similar to a case where the sheriff omits to return an execution within the time required by law, and thereby renders himself liable. (*Bowen* v. *Cornell*, 39 Barb., 69; *Peck* v. *Hurlbert*, 46 Barb., 559.) This liability is complete at the expiration of the time when the return is required to be made. Nor does it, in my opinion, alter the sheriff's liability because the writ was issued by the order of the court. While an application may be proper in cases against the sheriff where he has taken bail, and partially, at least, performed his duty, it by no means follows that the plaintiff must apply to the court before the commencement of a suit, when the sheriff has voluntarily and negligently suffered an escape. In *Brayton* v. *Smith* (6 Paige, 489), a *ne exeat* had been issued, and the defendant had left the State, after bail had been taken upon the writ, by the sheriff, and it was held, upon an application for an order, that the sheriff pay the amount of a decree, that the court could allow the sheriff a reasonable time to produce the defendant, or in case he could not be produced, a reasonable time to prosecute the bond, and to recover the amount which he was ordered to pay. And that if the defendant could not procure such security as would satisfy the sheriff, or if he wished to leave the State before the termination of the suit, his proper course would be to apply to the court for a discharge of the writ, upon his giving the proper security. The bond being given to the sheriff it would be eminently proper to apply to the court for leave to prosecute, or for any other relief against him when he had executed the process; but where he is guilty of negligence in allowing an escape, and utterly fails to execute the process of the court, it seems to me, he has no right to claim that he should have an opportunity to excuse himself before a suit is brought. It is quite enough that he has allowed the defendant in the writ to escape, to authorize the commence-

ment of the action.   The order of the Special Term must be affirmed with ten dollars costs of appeal.

Judgment affirmed.