By the Court.—Curtis, J.
The following provision of the statute points ont concisely and clearly the duty of a sheriff in regard to the execution of process. and Ms liability for its violation :
“Every sheriff or other officer, to whom any process shall be delivered, shall execute the same according to the command thereof, and shall make due return of his proceedings thereon, which return shall be signed by him. For any violation of this provision, such sheriff or other officer shall be liable to an action at the suit of the party aggrieved, for the damages sus tained by him, in addition to any other tine, punish *31 ment, or proceedings, which may be authorized by law” (2 R. S. 440, §77).
By this statute an action is given to the creditor against the sheriff for not returning the execution. By this omission it is settled, that the sheriff becomes-liable for the debt, unless he shows some sufficient reason, but he may show in mitigation "of damages,, that the defendant had no property on which the-execution could be levied (Swezey v. Lott, 21 N. Y. 484).
It is to be considered whether the proposed defense is a sufficient excuse for the sheriff.. It is the duty of the sheriff with an execution to execute the process in the most effectual manner. Asan agent he is bound to proceed with that degree of diligence which persons of common prudence are accustomed to use about their own business and affairs (Tomlinson v. Rowe, Hill & Den. Sup. 410). There is no reason assigned by the-sheriff for delaying a levy under the executions for forty-two days after he received them. As an excuse for his subsequent omission to levy and return them, he sets up the warrants of attachment then issued. The law looks with disfavor upon delays and want of good faith on the part of officers charged with the execution of process.
The. provision of the statute above cited, is but the affirmance and amplification of the rule as to their liability that had grown up at common law. But supposing it to be the case that these attachments had not originated directly or collusively from the execution debtors, but that they were issued while the sheriff was proceeding to levy unipr the executions, with the ordinary diligence of a man engaged in collecting his own debt, would they furnish a sufficient reason why the sheriff should desist from proceeding further with the executions.
It is clear that the goods of those defendants, as against themselves, were bound from the time of the- *32 -delivery of the executions to the sheriff to be executed (2 R. S. 365, § 13; Roth v. Wills, 29 N. Y. 489). The law does not contemplate that the execution debtors •ran discharge this lien of the executions by suing out a warrant of attachment against their execution creditors, or that the sheriff is not to proceed under the executions because attachments may come into liis hands and be levied on the debts due to the execution •creditors. The duty of the sheriff is to proceed and make the money under the executions. There is no reason why he should not, and on the other hand his •delay or his omission to proceed might lead to the loss of an opportunity to collect the debt from the execution debtor, and deprive both the execution creditors .and the attaching creditors of any remedy.
The .sheriff is simply the officer of the court charged with the execution of its process, and it is no part of his office to exercise a judicial discretion as to when, and under what circumstances, he will or will not execute it and make his return. Whether the attachments in the present case were properly issued or not, it was his duty to lev)7 under the executions, and to vollect them if possible, and pay to the plaintiff the amount, unless the court saw tit to stay the proceedings. or to direct that the money be retained in the sheriff’s hands after he had collected the amount out of the property attached, or to order that it be paid into court. In some such way, an excuse may arise, for a sheriff omitting to comply with the provisions •of the statute, but it is difficult to see how a sufficient excuse can arise from his undertaking, unauthorized!/ .and upon his own discretion, not to execute process (Paige v. Willett, 39 N. Y. 34, 35).
The order appealed from should be affirmed, with ¿costs.
Sedgwick, J., concurred.