GEORGE R. BROWNELL, EXECUTOR, RESPONDENT, *v.*
EDWARD AKIN, APPELLANT.

*Writ of ne exeat — in what action it may issue.*

The plaintiff and defendant were appointed, and duly qualified as executors of J. H. Akin, deceased, to whom the defendant was, at the time of his death, indebted for goods sold and money borrowed. Subsequently the defendant was removed by the surrogate, and this action was brought by the plaintiff to recover the amount due to the estate. *Held*, that the action was not one in which a writ of *ne exeat* could be issued.

APPEAL from an order, denying a motion to vacate a writ of *ne exeat* issued in this action.

The defendant, at the time of the death of Justus H. Akin, was indebted to him. Brownell the plaintiff, and Edward Akin the defendant, were the executors of the will of Justus H. Akin and letters testamentary were issued to them. Subsequently, the defendant was removed from his office of executor by the Surrogate. The plaintiff now brings this action to recover the money which the defendant owed to Justus H. Akin at the time of his death, and which has never been paid. In this action a writ of *ne exeat* was granted. A motion to set that writ aside was denied, and the defendant appeals.

*Esek Cowen*, for the appellant.

*James Lansing*, for the respondent.

LEARNED, P. J.:

Whatever my own views may be, it is too late to question the doctrine in this court that the writ of *ne exeat* is in force. (*Beckwith* v. *Smith*, 4 Lans., 182.)

Is the present a proper case for the writ? The writ lay only for equitable demands. (*Seymour* v. *Hazard*, 1 John. Ch., 1.) To this, Judge STORY says, there are two exceptions only, one the case of alimony, the other " the case of an account on which a balance is admitted by the defendant, but a larger claim is insisted on by the creditor." (2 Story's Equity Juris., § 1471; *Bushnell* v. *Bushnell*, 15 Barb., 399.) That was the old doctrine. Certainly, the scope of the writ has not been extended. No complaint has been filed in this action; but the plaintiff's affidavit shows that the defendant, in filing an inventory of the assets of Justus H. Akin, stated these claims against himself just as the plaintiff now claims them.

Therefore, this is not a case where a debtor admits a balance and the creditor insists on a larger claim. The debt owing from the defendant to Justus H. Akin, at his death, was a simple debt for borrowed money and for goods sold. It was not in any respect an equitable claim. Where the accounts are all on one side and no discovery is sought, courts of equity decline jurisdiction. (1 Story Eq. Juris., § 459.)

The plaintiff claims that because the creditor made the debtor his executor, and the debtor accepted the office, some new character was given to the debt, so that that, which was before a simple legal debt has become an equitable claim. This cannot be so. Formerly, as is well known, the naming of the debtor as the executor of the creditor discharged the debt. But that rule was modified as to creditors of the deceased. (*Marvin* v. *Stone*, 2 Cow., 781.)

The Revised Statutes enacted that the debt should not be discharged, but that the executor should be liable for the same as for so much money in his hands. (2 Rev. Statutes, [m. p.] 84, § 14.)

If the language of this statute be taken *literally*, it leads to unjust results. For instance, if a debtor who had no property should be made the executor of his creditor, he would become punishable by attachment and imprisonment for not paying the debt. Or, again, if a debtor were able to pay only fifty per cent of all

his debts, he would, on being appointed the executor of one creditor be compelled to pay that creditor's estate, to the exclusion, it might be, of all other debts.

But, even assuming, as the plaintiff's counsel claims, that the defendant in this case owes the plaintiff, as for so much money belonging to the estate of Justus H. Akin, and collected by the defendant, does this give the plaintiff any thing more than an action for money had and received? Admit, even, that the money was received in a fiduciary capacity, does an action then arise of peculiar equitable jurisdiction, so that the writ of *ne exeat* can be had? I think not. It certainly would not be claimed, then, whenever one man had collected money for another as agent, and the like, and thus had received it in a fiduciary capacity, the action against him would be an equitable action. He might be liable to arrest, but the arrest would be under the provisions of the Code. In a loose way, such a man is said to have received the money in trust; but such are not the trusts of equity jurisdiction. If the plaintiff in this case has any ground on which to base his claim to this writ, it must be that the defendant has money received in his capacity as executor: that is, in a fiduciary capacity. For such a case, if it exists here, the code has provided a sufficient remedy by order of arrest. And this fact is an abundant reason why a writ of *ne exeat* should not be applicable.

The real necessity for that writ, is when the judgment may require the defendant to do some personal act; such as to execute a deed, and the like. This is the ground on which it is considered to be still in force. (*Forrest* v. *Forrest*, 10 Barb., 46.) No necessity exists in this case. The judgment, if recovered, will be only for so much money.

The order refusing to vacate the writ should be reversed, with ten dollars costs and printing disbursements; and the motion to vacate should be granted with ten dollars costs. The costs and disbursements should be paid by the plaintiff personally.

Present — LEARNED, P. J., BOCKES and BOARDMAN, JJ.

Ordered accordingly.