## CATHARINE E. COLLINS, Respondent, *v.* CHARLES E. COLLINS, Appellant.

As to whether the writ of *ne exeat* was abolished by the Code of Procedure, *quære.*

Such a writ was issued herein in March, 1869. A motion was made in May, on the part of defendant, to vacate the writ and the order for its issue, or to reduce the amount of bail, and that a sum deposited with the sheriff be restored, and for general relief. The motion appears to have been founded on the merits; it did not appear in the notice of motion, or in any of the papers, that the ground of want of power was taken. The order made upon the motion simply directed a reduction of the bail and a return of the money deposited in excess of the amount fixed; no further disposition of the motion to vacate was made. An appeal was taken in January, 1879. On appeal to this court, *held,* the presumption was that all that was presented to or passed upon by the Special Term was the right of defendant to relief upon the facts; that under the circumstances, as the question is not distinctly presented by the order appealed from, and as the Code of Civil Procedure (§ 548) has declared in terms that the writ is thereby abolished, thus rendering the question of no practical importance, so far at least as future cases are concerned, the court would not review the many decisions of the Supreme Court, prior to the New Code, holding the writ not abolished.

(Argued December 9, 1879; decided February 3, 1880.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, affirming an order of Special Term, as follows: (Reported below, 17 Hun, 598.)

"It is ordered that the bail or security under the writ of *ne exeat* issued in this action on the 31st day of March, 1869, and the order therefor, made the same day, be reduced to the sum of two thousand five hundred dollars, and the said order and writ be and they hereby are amended by striking out the words "ten thousand dollars" therein and inserting the words "two thousand five hundred dollars" in the place thereof, and that the sheriff of the city and county of New York restore to the defendant the sum of seven thousand five hundred dollars deposited by the defendant with the said sheriff." (Mem. of decision below, 17 Hun, 598.)

The facts appear sufficiently in the opinion.

*Cephas Brainerd,* for appellant. The writ of *ne exeat* was abolished by the Code of Procedure. (Code of Procedure, § 178; Wait's Code of 1871, 17, 18; *Fuller* v. *Emeric*, 2 Sand., 626; *Johnston* v. *Johnston*, 1 Rob., 642; *Fellows* v. *Hermans*, 13 Abb. [N. S.], 1, 6.)

*Samuel Hand,* for respondent. The writ of *ne exeat* was not abolished by the Code of Procedure. The New Code, although abolishing it in terms, provides a similar remedy. (§ 500, subd. 4; *Viadero* v. *Viadero*, 7 Hun, 313.) A party who obtains and enters an order, and avails himself of its benefits for a number of years, waives his right to be heard on an appeal from it. (*Bennet* v. *Van Syckel*, 18 N. Y., 81; *Marvin* v. *Marvin*, 11 Abb. U. S., 97.) By procuring a subsequent order allowing him to give bail for the $2,500, defendant waived his right to appeal. (11 Abb. [N. S.], 118.) The court in granting the order for *ne exeat* had a proper case on the merits before it, upon which to exercise its discretion, and that discretion having been exercised in a proper manner, should not be reviewed at this late day. (*Bushnell* v. *Bushnell*, 15 Barb., 399.) It is proper for the court to take into consideration the fact that defendant having given bail and been discharged from arrest, no harm could come to him if he intended to obey the orders of the court. (*Breck* v. *Smith*, 54 Barb., 213.)

RAPALLO, J. The question whether the writ of *ne exeat* was abolished by the Code of Procedure has been much discussed, and the adjudications upon the point are conflicting. In the Supreme Court, the power of the court to issue the writ has been maintained, and the court has acted upon that view of the law in numerous cases. (*Forrest* v. *Forrest*, 5 How. Pr., 125; 10 Barb., 46; *Bushnell* v. *Bushnell*, 7 How. Pr., 389; 15 Barb., 399; *Rogers* v. *Michigan, etc., R. R. Co.*, 28 id., 539; *Glenten* v. *Clover*, 10 Abb., 422; *Neville* v. *Neville*, 22 How., 500; *Breck* v. *Smith*, 54 Barb., 212; *Viadero* v. *Viadero*, 7 Hun, 313.) In the Superior

Court of the City of New York the contrary view has been entertained. (*Fuller* v. *Emeric*, 2 Sandf., 626 ; *Johnston* v. *Johnston*, 1 Rob., 642.) The question has not been passed upon by this court, and it has ceased to be of any practical importance, so far at least as future cases are concerned, for it is set at rest by section 548 of the Code of Civil Procedure which declares in terms that the writ of *ne exeat* is thereby abolished, and a substitute therefor is provided by section 550, subd. 4. These provisions impliedly concede that the writ had not previously been abolished, and so far as any weight is to be given to a legislative construction of the former act, they tend to sustain the view of the Supreme Court. It would be unprofitable now to enter upon a discussion of the merits of the question. The decisions of the Supreme Court having been acquiesced in and acted upon so many years, a very strong and clear case would be required to induce us at this late date to reverse them, and we do not think the appellant has presented such a case. The question itself is by no means free from doubt and there are strong arguments in support of the decisions of the Supreme Court, but in addition to these considerations, the point is not distinctly presented by the order appealed from. The *ne exeat* in this case was issued in March, 1869. A motion was made on the part of the defendant in May, 1869, to vacate this writ and the order for its issue, or to reduce the amount of bail, and that the sum of $10,000 deposited by the defendant with the sheriff be restored, and for general relief. This motion appears to have been founded on the merits and equities of the defendant's case, and neither in the notice of motion, or in any of the papers, does it appear that the ground was taken that there was any want of power to issue the writ, or that the court was called upon to decide or did decide any such question. The order made upon the motion is dated May 24, 1869, and simply directs that the bail be reduced from $10,000 to $2,500 and that the sheriff restore to the defendant $7,500 of the money deposited. No further disposition of the motion to vacate

the writ appears to have been made or insisted upon, and if the point was made that the writ was illegally issued, that point was not decided by the order. The motion to vacate, although not granted, was not in terms denied. This is the order appealed from. The appeal was not taken until January, 1879, nearly ten years after the making of the order, and the fair presumption is that all that was presented to or passed upon by the court at Special Term was the right of the defendant to relief upon the facts of the case, and that the point now raised on this appeal is an after thought. Under such circumstances we do not feel called upon to review the long line of decisions rendered in the Supreme Court upon the point during the past twenty years. The order should be affirmed without costs.

All concur.

Order affirmed.