### VAN PRAAG *et al. v.* FLACK, Sheriff.

*(City Court of New York, General Term. March 10, 1891.)*

LIABILITY OF SHERIFF—FAILURE TO RETURN EXECUTION.

In an action against a sheriff for not returning an execution within the 60 days allowed by law, the evidence showed that there was some property in possession of the judgment debtor, and defendant did not undertake to prove that such property was of less value than the execution, or was exempt from levy and sale. *Held*, that a verdict for plaintiffs for the full amount of their execution should not be disturbed.

Appeal from trial term.

This action was brought by Adolph Van Praag and others to recover from the defendant, James A. Flack, sheriff of the city and county of New York, the sum of $350.63 upon a judgment recovered in this court by the plaintiffs against one Frederick Schurtz, on March 21, 1890, upon which judgment and execution were issued and delivered on March 21, 1890, to the defendant, then sheriff of said city and county, against the property of said Schurtz, directing said sheriff to satisfy the said judgment out of the personal property of said Schurtz, etc., and to return said execution to the clerk of this court within 60 days after the receipt thereof by said sheriff, upon the ground that the said sheriff had failed to return the execution within 60 days, as required therein. Upon the trial the following facts were admitted: The recovery of the judgment, as above stated, and that an execution was issued thereon and delivered to the defendant on March 21, 1890, for the sum of $350.63. The defendant in his answer admits that more than 60 days have elapsed since the delivery of the execution to him; and, as a further and separate defense, alleges that he delivered said execution to one of his general deputies, and, in substance, further alleges that his said deputy made a levy, and that the attorney for the plaintiffs therein instructed said deputy to collect said judgment in monthly installments of $50 each, and to hold said execution until the whole amount thereof was collected in full. The action was brought before Justice GIEGERICH and a jury, on the 9th day of December, 1890. Evidence was given on the part of the plaintiffs, and also the defendant, as to the quantity and nature of the property in the possession of Schurtz, the defendant in said judgment, at the date of the delivery of the execution to the sheriff; and also as to the facts whether or not the attorney for the plaintiffs who issued the execution

had directed or authorized the deputy to hold said execution that had been delivered, and to collect the same in installments, and to hold and not return the same within the 60 days as required by said execution. After the testimony had been closed on each side, it was submitted to the jury under the charge of the trial justice, and the jury rendered their verdict in favor of the plaintiffs for the sum of $361.88, the amount of the judgment and interest. A motion was made by the attorney of the defendant to have the verdict set aside, upon the ground that it was against the weight of evidence and the law, and for a new trial, which motion was denied, and an order was entered denying said motion, from which judgment and order defendant appeals.

Argued before EHRLICH, C. J., and McGOWN and VAN WYCK, JJ.

*David Tim,* for appellant.  *George W. Gallinger,* for respondents.

McGOWN, J. The only questions of fact in dispute herein, upon which it was necessary for the jury to pass, were as to whether there was any property in the possession of Schurtz, the defendant in the judgment, at the date of the receipt of the execution by the sheriff, subject to levy and sale under the execution, and as to whether the attorney of the plaintiffs had authorized or requested the deputy-sheriff, Williams, not to return the execution within the time specified. Evidence was introduced on each of the above questions on the part of the plaintiffs and the defendant, and the trial justice in his charge to the jury directed their attention to each of the questions in dispute, and to the testimony of each of the witnesses who testified in relation thereto, and we think he fully and fairly presented the entire case to the jury. He also called the attention of the jury to the contradictory nature of the evidence; in fact, instructed the jury that, if they believed the testimony adduced on the part of the defendant, their verdict must be for the defendant; and that if they believed the testimony on the part of the plaintiff, then their verdict must be for the plaintiff. Thus the jury necessarily had to pass upon the credibility of the several witnesses. The jury had a right to credit the testimony of any of the witnesses, or to discredit their testimony, unless corroborated. The statute has given an action to a creditor against a sheriff for not returning an execution, and the settled doctrine of the courts is that, where it has not been returned, he (the sheriff) is *prima facie* liable for the debt, but he may mitigate the damages, by showing that the defendant had no property on which the judgment could be levied. See *Swezey* v. *Lott,* 21 N. Y. 484. There was evidence on the part of the plaintiffs, and also of the defendant, that there was some property in the possession of Schurtz, the defendant in the judgment, on March 21, 1890; and the defendant herein did not undertake to prove that the property found on the premises of Schurtz was of less value than the execution, nor did he prove that such property was exempt from such levy and sale. As to whether the levy was actually made, the testimony of the defendant's own witnesses is contradictory. The amount of the execution is the measure of damages, unless it appears that the defendant in the judgment had no property out of which the plaintiffs herein could have collected the debt. *Bowman* v. *Cornell,* 39 Barb. 69. And as to whether the defendant had no property on which the judgment could be levied, was a question of fact, to be determined by the jury upon the evidence. The jury passed upon all the questions of fact submitted to it, and found in favor of the plaintiffs, and we do not find any good reason for disturbing their verdict, rendered upon a conflict of testimony which it was the special province of the jury to decide; nor do we think that the verdict was against the weight of evidence. The verdict of a jury will only be disturbed when it is clearly against the weight of evidence, or where there has been some improper or illegal act on the part of the jury. The rulings of the trial justice we think were correct, and the exceptions throughout are without merit. The judgment and order appealed from must be affirmed, with costs to the respondent.

All concur.