Thomson, J.
In a snit bronglit by Isabella M. Bntter against *259 her husband, John Butter, for divorce and alimony, and upon her application, a writ of ne exeat was issued against the defendant, by which the sheriff was commanded to commit him to the county jail unless he should give sufficient security in the sum of $500 that he would not leave the state, or go beyond the jurisdiction of the court, without the leave of the court. Adam A. Marselis thereupon became surety for the defendant in a ne exeat bond in the penal sum of $500 payable to the people of the state of Colorado, and conditioned as required by the writ. After-wards, without leave of the court, John Butter left the state of Colorado, and has not since returned. Isabella M. Butter recovered judgment against him for $5,000.
This suit was brought against the surety in the name of the People of the state of Colorado, for the use and benefit of Isabella M. Butter, to recover the penalty of the bond. The complaint alleged the facts as we have given them. The defendant demurred to the complaint on the ground that it did not state a cause of action. The demurrer was overruled, and judgment given against the defendant, from which he appeals.
For the defendant it is contended, first, that the bond was taken for the protection of the sheriff and not for the use of Isabella M. Butter, and, hence, that a suit upon it for her use cannot be maintained; and, second, that it does not appear from the complaint but that John Butter left the state after the rendition of the judgment.
1. It- is true that the bond was taken by the sheriff, and it is also true that the sheriff would have become liable for the amount of the judgment if he had failed to execute the writ, or, having arrested Butter, had suffered him to escape without giving the security; and under the practice existing *260 prior to the code, the bond should have been prosecuted by the sheriff. — Brayton v. Smith, 6 Paige Ch., 489.
But Mrs. Butter would have been the plaintiff in the suit to enforce the sheriff’s liability; and the money collected by the sheriff on the bond, would have been payable to her. In Johnson v. Clendinin, 5 Grill & J. 463, it is said that the bail assume upon themselves the obligation that their principal shall pay the debt, or be personally amenable to the final process of'the court. Our code of practice'provides that, subject to certain exceptions of which this is not one, every action shall be prosecuted in the name of the real party in interest. As the proceeds of the ne exeat bond will belong to Mrs. Butter, we think she is the real party in interest within the meaning of the code, and that this suit was properly brought for her use.
2. We think that, although not clearly stated, it may be fairly inferred from the complaint that Mrs. Butter’s judgment was recovered after her husband’s departure from the state; and that the uncertainty of allegation was the subject of motion rather than demurrer. But the bond was not conditioned for Butter’s appearance in court to answer any charge. His surety assumed the obligation that he would not go out of the state without leave of the court. ' No time was fixed after which, without lawful discharge, he was at liberty to depart. His presence within the jurisdiction of the court might have been as necessary after judgment as before, to the end that he might be reached by the final process issued upon the judgment. He could at any time have caused a discharge of the ne exeat to be entered by giving security for the payment of the judgment; but his departure without such discharge and without' leave of the court, whether before or after judgment, was a breach of the *261 conditions of the bond. Formerly, in cases of alimony, the writ was not granted until after alimony had been decreed. — Story’s Eq., § 1472. The rule is now otherwise; but the fact that it once prevailed, is a sufficient answer to the argument that, if Butter had not yet left, this security became inefficacious by the rendition of the decree.
The judgment will be affirmed. Affirmed.