EDWARD P. JASTRAM *vs.* AMELIA B. McAUSLAN *et al.*

APRIL 21, 1909.

PRESENT: Dubois, Blodgett, Johnson, Parkhurst, and Sweetland, JJ.

(1)  *Ne Exeat.   Requisites of Affidavits.   Bonds Pending Appeal.*

Upon petition for discharge of a writ of *ne exeat,* under which respondent had
   been committed, it appeared that the affidavits on which the writ was issued
   were based upon information obtained from third parties, and complainant
   stated everything upon information and swore only to his belief in what·he
   had stated on information.   The court quashed the writ, but upon con-
   sideration of the affidavits filed at the hearing on the merits, ordered re-
   spondent to give security to abide the decree of the court theretofore entered.
   Upon appeal:—

*Held,* that the writ was properly quashed.

*Held,* further, that, while the Superior Court had authority, under C. P. A.
   § 331, to require a bond pending the appeal, the requirement to give se-
   curity to abide the decree was not such an order, and the affidavits filed at
   the hearing being insufficient for the purpose of a new application for a writ
   of *ne exeat,* the respondent was improperly required to give security and that
   portion of the decree should be reversed.

(2)  *Ne Exeat.   When Writ will Issue.   Practice.*

Under the rule established in *Robinson* v. *Robinson,* 21 R. I. 83, and under
   rule 33 of the rules in equity of the Superior Court, the writ of *ne exeat* should
   not issue except upon affidavits verifying the charges contained in the pe-
   tition and containing allegations of facts or circumstances satisfactorily
   evincing an intention of respondent to depart from the State to avoid per-
   formance of the decree of the court on hearing, or of his threat or declara-
   tion of such intention.

(3)  *Bonds in Ne Exeat.   Practice.*

Although the practice of requiring a satisfactory bond running to defendant
   and conditioned for the payment of costs and damages before issuing the
   writ of *ne exeat* has not been followed in this State, the Superior Court has
   discretion to require it.

(4)  *Injunctions in Ne Exeat.   Inquiry in Equity.*

Upon the question of enjoining respondent from prosecuting any action at
   law, or inquiry in equity concerning his damages, by reason of the issuance
   of the writ of *ne exeat:*—

*Held,* that an injunction should have been granted restraining respondent
   from instituting an action at law, and whether he was entitled to an in-
   quiry as to such damages should be left to the consideration of the court
   which issued the writ sitting in equity.

Appeal from decree of Superior Court quashing writ of *ne exeat.*

Dubois, C. J.    This is the complainant's appeal from the decree of the Superior Court quashing a writ of *ne exeat* issued upon the petition of the complainant.    The decree reads as follows:

"The above entitled cause came on for hearing upon the petition of the respondent, George R. McAuslan, for the discharge of a writ of *ne exeat* on which he had been committed to the Providence county jail, and thereupon, upon hearing and arguments of counsel for the parties in interest, it is hereby ordered, adjudged, and decreed that the writ of *ne exeat* be quashed, and that the said respondent have and recover against the said complainant his costs to be taxed by the clerk; and it is further ordered, adjudged, and decreed that said respondent be released from custody and from imprisonment under said writ, upon his giving security satisfactory to this court to appear before said court, when thereunto required, to abide the order of the court, heretofore made and hereafter to be made in this cause."

The decision of the Superior Court in accordance with which the decree was entered appears in the following:

## "Rescript.

"Tanner, P. J.    This case was heard upon the petition of the respondent George R. McAuslan for a writ of *habeas corpus* to release him from imprisonment in the county jail, and also upon his motion for the discharge of a writ of *ne exeat* on which he has been committed to the county jail.

"The writ of *habeas corpus* was apparently based upon the theory that the sheriff who arrested this petitioner on the writ of *ne exeat* hadn't made return on the writ, so that this petitioner was legally in the custody of the sheriff if legally in the custody of anybody; and that he was therefore illegally committed to the county jail.    But the sheriff has now made return on the writ of *ne exeat*, showing that he committed this

petitioner to the jail in default of security given. We think, therefore, that, so far as the writ of *habeas corpus* is concerned, the petitioner is lawfully in the custody of the county jail, and the petitioner having been at the hearing remanded to that custody, it is not necessary for the court to make any order on a writ of *habeas corpus*.

"On the motion to discharge the petitioner on the writ of *ne exact*, we will consider first the reason urged that the writ was irregularly issued.

"An examination of the affidavits on which the writ was issued shows that two of them were based wholly upon the information obtained from third parties whose affidavits are not produced.

"A third affidavit was to the effect that the affiant had seen a letter with the name George R. McAuslan on the letter head, signed 'George,' stating that he did not intend to be in town longer than that day and was to return to Burlington to attend a big sale which opened there the following Saturday. The affiant does not, however, claim to identify the writing or to state that it was the writing of this petitioner. The letter was not produced and no reason given for its not being produced.

"The complainant Edward P. Jastram in his petition for the writ of *ne exeat* states everything upon information only and swears only to his belief in what he has stated on information.

"The greatest extent to which any of the authorities appears to go in granting a writ of *ne exeat* is that it should be issued only, first, upon an affidavit of facts sworn to from the knowledge of the affiant and not upon his information, from which facts the court can deduce the intention to leave the State to avoid the court's decree; or, second, upon facts sworn to upon information accompanied by the positive allegation of the petitioner based on the information that there is an intention to leave the State to avoid the decree of the court.

"It will thus be seen that if the petitioner for the writ of *ne exeat* relies upon information rather than positive know-

ledge he must at least swear positively to the intention of the respondent to leave the State to avoid the decree of the court. *Oldham* v. *Oldham,* 7 Ves. 410; *Jones* v. *Alephsin,* 16 Ves. 470; *Collinson* v. ———, 18 Ves. 353; *Moore* v. *Gleaton,* 23 Ga. 142; 2 Daniels Ch. Pr. 1707; *Robinson* v. *Robinson,* 21 R. I. 81.

"We think the affidavits were of such a character that they required the petitioner's positive affidavit of the intention of the respondent to leave the State to avoid the decree of the court. Since such positive affidavit is wholly lacking, we think the writ was improperly issued and should be quashed with costs to the respondent.

"But a consideration of the affidavits filed at the hearing on the merits of the case convinces us that justice requires us to order the respondent to give security to abide the decree of the court.

"Laying aside the contradictory statements of the affidavits, it appears clearly from the evidence on either side of the case that the respondent left the State shortly after the decree was entered ordering him to pay a large sum of money; that he and his wife have gone to Burlington to run a store there which may require the absence of the respondent from the State for an indefinite time, long beyond the time fixed for the performance of the decree. We do not think that a respondent who leaves the State in this way can complain if the inference be drawn against him that he intends to do that which his actions indicate he may do and which he has a strong motive for doing. The denial of the respondent has never been considered sufficient to rebut such an inference from the facts. We think, therefore, that the respondent should give security, in a sum to be fixed upon hearing, to abide the order of the court before being released from custody. *Roddam* v. *Hetherington,* 5 Ves. 92; *MacDonough* v. *Gainer,* 18 N. J. Eq. 249; 2 Daniels Ch. Pr. 6th Am. ed. 1712, 1713."

(1)      The complainant's claim of appeal, and statement of the reasons thereof, reads as follows:

"The complainant, being aggrieved by the final decree of the Superior Court in the above entitled cause, entered on the 8th day of March, 1909, granting the motion of the defendant George R. McAuslan to discharge writ of *ne exeat*, now within thirty days thereafter claims an appeal from said decree to the Supreme Court, and states the following reasons of appeal:

"Said decree is against the law.

"Said decree is against the evidence and the weight thereof.

"Said decree contains no provision enjoining or restraining the defendant, George R. McAuslan, from making any claim for damages or from bringing any action or proceeding on account of the issuance of said writ of *ne exeat* or of the proceedings thereon.

"The bond required by said decree is insufficient in amount and improper in form and affords no adequate protection to the complainant.

"Said decree is erroneous in ordering that the writ of *ne exeat* be discharged.

"Said decree is erroneous in other respects which the complainant prays he may be allowed to assign at the hearing."

The first, second, and fifth reasons are without merit.

A careful inspection of the affidavits convinces us of the correctness of the decision of the presiding justice of the Superior Court in quashing the writ, but we are unable to reach the conclusion that he arrived at as to the effect of a consideration of the affidavits filed at the hearing upon the merits of the case.

(2)     The justice treated the case as though a new application for a writ of *ne exeat* had been made and as if he was then passing upon the sufficiency of the same.   Even in that view of the case, in our opinion the affidavits are insufficient for the purpose, and the respondent should not have been required to give security to abide the present and future decrees of the court.

Under the provisions of C. P. A., § 331, the justice of the Superior Court who made the decree appealed from had authority to make an order requiring the respondent to give

bond, and to make such other orders as were needful for the protection of the rights of the parties until the appeal should be heard and determined by this court. But, evidently, the requirement to give security to abide the decree was not an order to give security until the appeal should be heard and determined.

Whatever may be the requirements elsewhere, the rule of practice for issuance of writs of *ne exeat* in this State is established in *Robinson* v. *Robinson*, 21 R. I. 83, in the words following: "For the purpose of establishing a more correct practice the writ will not hereafter be granted except upon affidavit verifying the charges contained in the main petition, and containing allegations of facts or circumstances satisfactorily evincing an intention of the respondent to depart from the State to avoid performance of the decree of the court on hearing, or of his threat or declaration of such intention." See also rule 33 of the rules in equity of the Superior Court, (1905).

The evidence does not show that the respondent intended to leave the State to avoid performance of the decree of the court, or of his threats or declaration of such intention.

The evidence shows that it was necessary for the respondent, in the discharge of his duty as trustee, to leave the State from time to time for the purpose of caring for a portion of the trust property located in the State of Vermont; that he had been so discharging such duty for a number of years before the time of his arrest in this proceeding. It also appeared that he had voluntarily returned from Vermont to this State for the purpose of making the necessary financial arrangements to comply with the decree of the Superior Court, at the time of his arrest. Such conduct rebuts the inference that his business in Vermont would prevent him from coming here to obey the decree.

The complainant has failed to sustain the burden of proof imposed upon him to satisfy the court of the intention of the respondent to depart from the State to avoid the performance of the decree of the court.

The third reason of appeal is true in point of fact. And

in support thereof the complainant urges that if the writ of *ne exeat* issued improperly, the defendant should be enjoined from taking any proceedings on account thereof.

(3)     "According to established practice, the writ should not issue until a satisfactory bond has been filed, running to defendant, and conditioned for the payment of costs, and of any damage defendant may sustain from the issuance of the writ." 29 Cyc. 393, D.   Although it does not appear that such practice has been followed in this State, there is nothing to prevent its observance whenever in the discretion of the Superior Court the circumstances may require it.

(4)     The complainant insists that the respondent should be enjoined from prosecuting any action at law or inquiry in equity concerning his damages.   In our opinion his claim is too broad. The weight of authority is that the injunction should only be issued against the defendant in the writ of *ne exeat* from proceeding *at law* to recover damages for his arrest and imprisonment thereunder.   2 Daniel Ch. Pr. *p. 1714.

Do the circumstances of this case call for the granting of such an injunction?   On the one hand it is suggested that no proceedings at law have been instituted or even threatened, and that when they are it will be time enough for the court to entertain an application.   On the other, it is argued that a preventive injunction is the better because it tends to save costs to both parties which may otherwise be needlessly incurred.   A majority of the court are of the opinion that the question whether the respondent is entitled to an inquiry as to the damages which he may claim to have suffered by reason of the issuance of the writ may be properly left to the consideration of the same court, sitting in equity, which issued the writ, and that it is clearly not a matter to be determined in an action on the law side of the court.   *Darley* v. *Nicholson*, 2 Dr. & W. 86; *Frowd* v. *Lawrence*, 1 Jac. & W. 655; *Fuller* v. *Emeric*, 2 Sandf. 626, 629.   An injunction should accordingly have been granted restraining the respondent from instituting an action at law for that purpose.

So much of the decree of the Superior Court as relates to the quashing of the writ of *ne exeat* is sustained and affirmed; and

the portion of said decree which requires the respondent to give security to abide the order of court is hereby reversed.

The decree will therefore be modified in accordance with this opinion, and draft decrees may be presented for approval.

*Edwards & Angell,* for complainant.

*Albert Gerald,* of counsel.

*Bassett & Raymond, Irving Champlin and James Harris,* for respondent George R. McAuslan.